UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UMG RECORDINGS, INC., *et al.*,

    *Plaintiffs*,

v.

KURBANOV, *et al.*,

    *Defendants*.

Case No. 1:18-cv-00957-CMH-TCB

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 18, 2020 STAY ORDER**

## INTRODUCTION

Plaintiffs respectfully ask this Court to reconsider its September 18, 2020 order staying proceedings in this case. Defendant presented his motion for a stay as if it were a routine matter. He based his motion on (i) the need for this Court to resolve the remaining prong of the personal jurisdiction test, as mandated by the Fourth Circuit's remand, and (ii) the petition for certiorari that Defendant apparently intends to file with the United States Supreme Court. But Defendant's motion was fundamentally flawed.

First, while this Court of course has the authority to manage its docket and to issue a scheduling order that accommodates resolution of the issue on remand, Defendant's motion conspicuously failed to mention the statutory provision that governs requests for stays of a circuit court's judgment pending a petition for certiorari: 28 U.S.C. § 2101(f). Under this provision, a district court lacks authority to stay a circuit court's judgment pending resolution of a certiorari petition. As numerous courts have held, § 2101(f) provides that only the circuit court or a justice of the Supreme Court may grant a stay in this circumstance. Yet Defendant did not seek a stay from either of those courts. Plaintiffs seek reconsideration to correct this error of law and to prevent manifest injustice to Plaintiffs, who face ongoing harm caused by Defendant's copyright infringement.

Second, even if § 2101(f) did not govern Defendant's request (which it does), Defendant cannot satisfy this Court's standard for a stay pending an appeal (the standard cited in Defendant's motion). "A stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Northrop Grumman Technical Servs., Inc. v. Dyncorp Int'l LLC*, No. 1:16CV534, 2016 WL 3346349, at *2 (E.D. Va. June 16, 2016) (quoting *Larios v. Cox*, 305 F. Supp. 2d 1335, 1336 (N.D. Ga. 2004)). Among other things, it is Defendant's burden to

1

establish that Plaintiffs will not be substantially harmed by a stay. Defendant cannot meet his burden here. Defendant's unlawful websites are facilitating massive infringement of Plaintiffs' copyrighted works, which is causing substantial and irreparable harm to Plaintiffs on a daily basis. As discussed below, there were nearly 100 million visits to Defendant's websites last month alone. Defendant should not be allowed to delay this proceeding so that he can continue to profit from fostering rampant piracy, while Plaintiffs suffer the consequences.

In this memorandum, Plaintiffs include the arguments, and citation to applicable authorities, that Plaintiffs would have included in an opposition to Defendant's stay motion had they been given an opportunity to file one. Plaintiffs respectfully request that the Court modify the stay order to vacate the portion of the order staying proceedings pending resolution of a certiorari petition. The stay order should stay discovery only to the extent necessary to allow the Court to resolve the jurisdictional issue as required by the Fourth Circuit on remand.[1]

## BACKGROUND

Plaintiffs are record companies that create, produce, distribute, and license the vast majority of all legitimate commercial sound recordings in the United States. ECF No. 1, Compl. ¶ 1. Defendant Tofig Kurbanov owns and operates FLVTO.biz and 2conv.com—music piracy

---

[1] The issue on remand is whether the exercise of personal jurisdiction over Defendant is constitutionally reasonable. Plaintiffs do not oppose setting a discovery schedule that begins after that issue is resolved. Based on the Fourth Circuit's rulings on the first two prongs of the personal jurisdiction test and the parties' prior briefing on the third prong, *see* ECF No. 28 at 14–16, the issue on remand can be resolved quickly in Plaintiffs' favor. *See Thomas v. Huff, Thomas & Co.*, No. 3:12-2460-CMC, 2012 WL 13006004, at *2 (D.S.C. Dec. 6, 2012) ("The third prong of constitutional reasonableness is reached if the first and second prongs are satisfied."); *Dunlap v. Cottman Transmissions Sys., LLC*, No. 2:11CV272, 2015 WL 12804277, at *4 (E.D. Va. Nov. 5, 2015) ("The third prong of the test for specific jurisdiction . . . will likely be met unless the defendant presents a compelling case that the presence of some other considerations would render jurisdiction unreasonable." (internal citations and quotation marks omitted)). Plaintiffs can provide further briefing or oral argument if it would assist the Court.

websites that engage in and facilitate copyright infringement at a staggering scale. *Id.* These websites provide users a "stream ripping" service through which audio tracks are extracted from videos streamed from other platforms, such as YouTube, and converted into downloadable audio files. *Id.* ¶ 2. Stream ripping provides a means for easy, instantaneous, and rampant infringement of copyrighted sound recordings, including those owned by Plaintiffs. *Id.*

Plaintiffs filed this lawsuit in August 2018. ECF No. 1. In January 2019, this Court granted Defendant's motion to dismiss for lack of personal jurisdiction. ECF No. 30. On June 26, 2020, in a unanimous decision, the Fourth Circuit reversed the rulings of this Court, finding that Defendant's contacts sufficiently show that he purposefully availed himself of the privilege of conducting business in Virginia and that Plaintiffs' copyright infringement claims arise out of Defendant's activities directed at Virginia. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 347, 355 (4th Cir. 2020). The Fourth Circuit remanded for further proceedings and required that the Court on remand perform the necessary reasonability analysis for exercising personal jurisdiction over Defendant. *Id.* at 355.

On July 10, 2020, Defendant filed a petition for rehearing en banc, which was denied on July 24, 2020. ECF No. 42. On August 3, 2020, the Fourth Circuit issued its mandate. ECF No. 43. Defendant never sought to stay the issuance of the mandate.

This Court then issued an order setting dates for answering the complaint and pretrial conferences and permitting the parties to begin discovery. ECF No. 48. The parties also filed a proposed joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f). ECF No. 55. On September 16, 2020, Defendant filed a motion to stay discovery and proceedings pending not only this Court's ruling on personal jurisdiction as required by the Fourth Circuit on remand, but also pending a ruling on Defendant's not-yet-filed petition for certiorari to the Supreme Court.

3

ECF Nos. 50, 51.  Defendant's motion failed to mention § 2101(f), the statutory provision that governs which courts may stay a circuit court's judgment pending a certiorari petition.  As indicated in the Rule 26(f) discovery plan, Plaintiffs planned to file a response opposing Defendant's motion in accordance with the schedule set forth by the Local Rules.  However, on September 18, 2020, without hearing from Plaintiffs, the Court granted Defendant's motion to stay as "so ordered."  ECF No. 57.

As of this filing, Defendant has neither filed a petition for certiorari (which is due by December 21, 2020) nor sought a stay pending review of a petition for certiorari from the Supreme Court.

## ARGUMENT

### I.    Legal Standard

Federal Rule of Civil Procedure 54(b) permits the revision of "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time" before the entry of a final judgment.  "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003).  Instead, the district court has discretion to afford relief from interlocutory orders "as justice requires." *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1473 (4th Cir. 1991).  A district court may grant a motion for reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice." *McCray v. Ardelle Assocs. Inc.*, No. 4:14CV158, 2015 WL 13736028, at *2 (E.D. Va. May 1, 2015) (citing *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)).

**II. Defendant's Request for a Stay Failed to Acknowledge that Only the Fourth Circuit or a Justice of the Supreme Court Can Stay the Fourth Circuit's Judgment Pending the Supreme Court's Resolution of a Petition for Certiorari.**

The Court should reconsider its order granting Defendant's motion to stay pending the Supreme Court's resolution of a petition for certiorari to correct a clear error of law and to prevent manifest injustice. Defendant's motion failed to inform the Court that a district court lacks the jurisdiction or authority to stay proceedings pending a certiorari petition, and the Court issued the stay order without the benefit of briefing from Plaintiffs as to controlling law.

**A. The District Court Lacks Jurisdiction to Grant a Stay of the Fourth Circuit's Judgment Pending a Petition for Certiorari.**

Under 28 U.S.C. § 2101(f), the power to stay a case pending Supreme Court review of a certiorari petition belongs exclusively to the court of appeals and the Supreme Court:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

Because the statute permits only a judge of the court rendering the judgment subject to review or a justice of the Supreme Court to stay the judgment pending a certiorari petition, a district court is precluded from doing so.

Numerous courts that have considered this issue—including several circuit courts, this Court, and other district courts in the Fourth Circuit—have uniformly concluded that § 2101(f) does not permit a district court to exercise jurisdiction to stay a circuit court's judgment pending a certiorari petition. *See, e.g.*, *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012) (per curiam); *In re Stumes*, 681 F.2d 524, 525 (8th Cir. 1982) (per curiam); *Merchant v. Fairfax Cty., Va.*, No. 1:10CV376, 2012 WL 12830388, at *1 (E.D. Va. Sept. 18, 2012) (Ellis, J.); *United States v. Lentz*, 352 F. Supp. 2d 718, 725–26 (E.D. Va. 2005) (Ellis, J.); *United States*

*v. Kotmair*, Civ. No. WMN-05-1297, 2008 WL 11509293, at *1 (D. Md. Jan. 15, 2008); *United States v. Foster*, No. 2:09CR00017, 2012 WL 1259166, at *1 (W.D. Va. Apr. 16, 2012), *aff'd*, 526 F. App'x 268 (4th Cir. 2013). Because the judgment to be reviewed on Defendant's petition for certiorari is that of a circuit court, "it is simply 'not an appropriate function for this court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court;' rather, that function is properly performed by the court of appeals or the Supreme Court." *Lentz*, 352 F. Supp. at 726 (citing *Studiengesellschaft Kohle, mbH v. Novamont Corp.*, 578 F. Supp. 78, 79–80 (S.D.N.Y. 1983)).

Section 2101(f) applies to the Fourth Circuit's judgment here because it is a "final judgment or decree" with respect to the matter before the Fourth Circuit, i.e., the appeal of this Court's judgment of dismissal for lack of personal jurisdiction. *See Lentz*, 352 F. Supp. at 726. Where a final appellate decision resolves all matters on appeal to the circuit court and is subject to review on certiorari, that decision is no different from one that ends a case for purposes of § 2101(f). *See id.* at 726 & n.18; *United States v. Manning*, No. 07-CR-13-TCK, 2008 WL 11471094, at *1 n.1 (N.D. Okla. Sept. 17, 2008).

In moving for a stay pending resolution of his (apparently forthcoming) certiorari petition, Defendant had an obligation to inform the Court of contrary, controlling authorities—but he conspicuously failed to identify § 2101(f). Defendant was silent on this statute and the pertinent case law and further cited no cases seeking the same extraordinary relief here, a stay pending an appeal from the Court of Appeals to the Supreme Court. *See, e.g., Harrell v. Freedom Mortg. Corp.*, No. 1:18-cv-00275, 2019 WL 9047223, at *2 (E.D. Va. Mar. 12, 2019) (appeal of magistrate's order staying discovery pending a motion to dismiss); *Orr v. Nat'l Rifle Ass'n of Am.*, No. 1:17-CV-00157-GBL-MSN, 2017 WL 11501503, at *2 (E.D. Va. May 19,

6

2017) (stay pending appeal of related case to D.C. Circuit); *Northrop Grumman*, 2016 WL 3346349, at *2 (stay pending appeal to the Fourth Circuit).

Defendant offers no explanation for his failure to file a motion in the Fourth Circuit to stay that court's mandate. Nor has Defendant made any showing that the Fourth Circuit or the Supreme Court would grant a stay under § 2101(f). *See Graves v. Barnes*, 405 U.S. 1201, 1203 (1972) (Powell, J., in chambers) ("Stays pending appeal to [the Supreme] Court are granted only in extraordinary circumstances."); Fed. R. App. P. 41(d)(2) (requiring a substantial question and good cause); Sup. Ct. R. 23 ("Except in the most extraordinary circumstances, an application for a stay will not be entertained unless the relief requested was first sought in the appropriate court . . . below[.]"). Defendant should not be permitted to bypass the appropriate authorities to delay these proceedings while awaiting the outcome of a certiorari petition.

### B. The "Mandate Rule" Also Supports Denial of Defendant's Request for a Stay.

The "mandate rule" provides a separate, independent basis for reconsideration of the Court's order. Under the mandate rule, when a circuit court remands for further proceedings, a district court generally must "implement both the letter and spirit of the . . . mandate." *United States v. Bell*, 5 F.3d 64, 66 (4th Cir. 1993) (internal quotation marks and citation omitted). The mandate rule "forecloses relitigation of issues expressly or impliedly decided by the appellate court." *Id.*

Although the Fourth Circuit's mandate did not expressly reject or preclude a stay, the spirit of the mandate remanding the case for further proceedings requires that the case be reopened and move forward at an ordinary pace. *See In re A.F. Moore & Assocs., Inc.*, No. 20-2497, __ F.3d __, 2020 WL 5422791, at *2–3 (7th Cir. Sept. 10, 2020). Defendant's request for a stay while awaiting certiorari improperly sought an order that would halt the proceedings and

7

"clearly violate the mandate's spirit." *See Lentz*, 352 F. Supp. at 727; *Merchant*, 2012 WL 12830388, at *1 (finding district court stay inappropriate upon issuance of mandate).

The Court should reconsider the stay order and allow proceedings to move forward in accordance with the spirit of the Fourth Circuit's mandate.

### III. Even Under the Standard for a Stay Pending Appeal, Defendant Failed to Justify a Stay.

Even if § 2101(f) were not controlling here (which it is), Defendant has not met his burden for obtaining a stay pending a certiorari petition under the traditional stay analysis. When ruling on a motion to stay proceedings pending an appeal, district courts in the Fourth Circuit typically apply a four-factor test under which the moving party must establish the following: (1) that the moving party will likely prevail on the merits of the appeal; (2) that the moving party will suffer irreparable harm absent a stay; (3) that other parties in the case will not be substantially harmed by a stay; and (4) that the public interest will be served by granting a stay. *See Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970); *Brea Union Plaza I, LLC v. Toys R Us, Inc.*, No. 3:18-cv-419, 2018 WL 3543056, at *2 (E.D. Va. July 23, 2018). As this Court has noted, "[a] stay is considered 'extraordinary relief' for which the moving party bears a 'heavy burden.'" *Northrop Grumman*, 2016 WL 3346349, at *2 (quoting *Larios*, 305 F. Supp. at 1336). None of the factors weigh in favor of a stay pending certiorari.

#### A. Defendant Has Not Shown a Strong Likelihood of Prevailing on the Merits of an Appeal to the Supreme Court.

Defendant has not demonstrated that the Supreme Court is likely to grant a petition for certiorari, let alone reverse the Fourth Circuit. Nor could he. The odds facing any petition for

8

certiorari are slim.[2] Here, Defendant's odds are even longer given that the Fourth Circuit ruled unanimously—and denied Defendant's motion for rehearing en banc—and no actual circuit split exists.

It is not enough that the Court originally ruled in Defendant's favor. If that were true, then this factor would automatically weigh in favor of a stay every time a circuit court reverses a district court's decision.

Defendant failed to identify any "compelling reasons" to warrant a stay here. *See* Sup. Ct. R. 10. The Fourth Circuit's decision was entirely consistent with Supreme Court authority and decisions of other circuit courts. Defendant argues that the Fourth Circuit's decision conflicts with its own precedent and that of the Supreme Court. Mot. at 5–10. But the Fourth Circuit conducted a thorough analysis of relevant caselaw, including many of the decisions cited by Defendant, and applied them to the facts of this case. There is no departure from Supreme Court precedent, no circuit split, and no conflict with any decision in the Fourth Circuit. Rather, the cases cited by Defendant were decided differently because this case is factually distinguishable, and the Fourth Circuit reasonably considered all the facts together and in context.

Defendant's claimed conflicts with two decisions from other circuits are illustrative. In *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020)—which Defendant contends creates a split with the Fourth Circuit's decision in the instant case—the Ninth Circuit expressly found that this case was distinguishable. 970 F.3d at 1212 n.8 ("But *Kurbanov* is distinguishable. The defendant in *Kurbanov* had registered a Digital Millennium Copyright Act

---

[2] *See* Noyola Decl., Ex. A at 2 ("The Court receives approximately 7,000-8,000 petitions for a writ of certiorari each Term. The Court grants and hears oral argument in about 80 cases.").

9

agent with the U.S. Copyright Office, contracted with U.S.-based advertising brokers, and relied on U.S.-based servers. None of those specific actions aimed at the United States, including taking advantage of U.S. laws for certain safe harbor defenses to copyright infringement claims, are present here." (internal quotation marks and citations omitted)). Similarly, the D.C. Circuit's decision in *Triple Up Ltd. v. Youku Tudou, Inc.*, No. 17-7033, 2018 WL 4440459 (D.C. Cir. July 17, 2018), is easily distinguished. Putting aside Defendant's misquotation of the D.C. Circuit's holding (*see* Mot. at 9), that case involved drastically different facts—a website entirely in Mandarin Chinese with "less than one quarter of one percent of its monthly viewers com[ing] from the United States" and no agent registered with the Copyright Office. 2018 WL 4440459, at *1–2.

Notably, many of Defendant's arguments concerning this factor also appeared in Defendant's petition for rehearing en banc. The Fourth Circuit denied that petition. Defendant's petition for certiorari to the Supreme Court will similarly fail.

### B. Defendant Has Not Shown that He Will Be Irreparably Harmed Absent a Stay.

Contrary to Defendant's arguments, proceeding with this case will not deprive Defendant of a right to appeal. Defendant remains free to file a petition for certiorari (yet he has not done so). If litigating in this Court were irreparably harmful as Defendant argues, Defendant could and should have sought a stay of the Fourth Circuit's mandate from that court or the Supreme Court (which he did not).

The only other harm that Defendant complains of is being subject to "expensive and onerous discovery obligations." Mot. 10. But this claim falls short of establishing irreparable harm. *See Long*, 432 F.2d at 980 ("[M]ere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough." (quoting *Va.*

*Petroleum Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958)); *East Coast Fire Protection, Inc. v. Muhammad*, No. 3:08CV511-HEH, 2008 WL 11389214, at *3 (E.D. Va. Sept. 18, 2008) (holding that harm that can be remedied monetarily is not irreparable harm for purposes of analyzing a motion to stay).

In any event, Defendant's alleged harm is minimized with the stay proposed by Plaintiffs in which discovery is held in abeyance until this Court has resolved the jurisdictional issues required by the Fourth Circuit on remand.

### C. A Stay Pending a Certiorari Petition Will Substantially Injure Plaintiffs.

Defendant, as the moving party, bears "the burden of showing the absence of substantial harm" to the non-moving party. *Brea Union Plaza*, 2018 WL 3543056, at *5 (citing *Long*, 432 F.2d at 979). Defendant cannot satisfy that burden because the injury to Plaintiffs from a stay pending certiorari would be enormous.

Since Plaintiffs filed the complaint in this case more than two years ago, Defendant's websites have continued to facilitate the unlawful infringement of Plaintiffs' copyrighted works on a massive scale. Just last month, there were over 63 million visits to Flvto.biz and 30 million visits to 2conv.com.[3] Indeed, as the popularity of Defendant's unlawful sites has grown, they have caught the attention of the United States government: in its annual report on Notorious Markets for Counterfeiting and Piracy, the U.S. Trade Representative named Defendant's FLVTO website as "continu[ing] to threaten legitimate streaming audio and video services" and copyright owners.[4] Defendant's piracy causes Plaintiffs substantial harm. Defendant's sites provide a free unlawful substitute for legitimate streaming and download services and deprive Plaintiffs and their recording artists of the benefits of their investments in their valuable works

---

[3] *See* Noyola Decl., Ex. B at 2; *id.*, Ex. C at 2.
[4] *See* Noyola Decl., Ex. D at 20.

and compensation to which they are entitled. A stay pending certiorari, which may extend this case for many months, will only exacerbate the excessive harm already suffered by Plaintiffs by the sustained operation of Defendant's piratical websites.

### D. A Stay Pending a Petition for Certiorari Harms the Public Interest.

The public interest weigh heavily against a stay pending a petition for certiorari. It is a foundational principle of copyright law that "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating [works]." *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citing *Golan v. Holder*, 565 U.S. 302, 328 (2012)). "Inadequate protections for copyright owners can threaten the very store of knowledge to be accessed; encouraging the production of creative work thus ultimately serves the public's interest in promoting the accessibility of such works." *Id*. Plaintiffs are copyright owners of the vast majority of legitimate commercial sound recordings in the country. The pirating of their sound recordings would certainly diminish Plaintiffs' motivation to create and produce musical works. Also, as Defendant acknowledges, the public has an interest in the timely conclusion of legal disputes and administration of justice. *See* Mot. at 12.

### CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court reconsider its September 18, 2020 order staying proceedings in this case. Plaintiffs ask that the Court modify the stay order to vacate the portion of the order staying proceedings pending a ruling on Defendant's forthcoming petition for certiorari to the Supreme Court. Plaintiffs have no objection to a stay of discovery to the extent necessary to allow the Court to complete the reasonability analysis as required by the Fourth Circuit on remand. That issue is discrete, with

constitutional reasonability readily apparent, and Plaintiffs can provide further briefing or oral argument if the Court would find it helpful.

Respectfully submitted,

Dated September 30, 2020

/s/ Scott A. Zebrak
Scott A. Zebrak (VSB No. 38729)
Matthew J. Oppenheim (*pro hac vice*)
Lucy Grace D. Noyola (*pro hac vice*)
Kellyn M. Goler (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: (202) 480-2999
Fax: (866) 766-1678
scott@oandzlaw.com
matt@oandzlaw.com
lucy@oandzlaw.com
kellyn@oandzlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 30, 2020, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will send the document and notification of such filing to counsel of record.

                                          */s/ Kellyn M. Goler*
                                          Kellyn M. Goler