UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KURBANOV, *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00957-CMH-TCB |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MATERIALS
IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

The issue on remand from the Fourth Circuit is singular and straightforward: whether exercise of personal jurisdiction over Defendant is constitutionally reasonable. *See UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 355 (4th Cir. 2020). Based on the Fourth Circuit's rulings on the first two prongs of the personal jurisdiction test—which the Supreme Court declined to review on certiorari—and the parties' prior briefing on the third prong, the remaining personal jurisdictional issue can be resolved quickly in Plaintiffs' favor.[1] The purportedly "newly-discovered" materials submitted by Defendant, all of which are unauthenticated online news articles, including some from 2013 and 2014, provide no basis for concluding that this Court's exercise of personal jurisdiction over Defendant would be constitutionally unreasonable.

---

[1] *See, e.g.*, ECF No. 28 at 14–16; *Dunlap v. Cottman Transmissions Sys., LLC*, No. 2:11CV272, 2015 WL 12804277, at *4 (E.D. Va. Nov. 5, 2015) (stating that the third prong of the test for specific jurisdiction "likely will be met unless the defendant presents 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable'" and finding the third prong met in the absence of such considerations) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)). Plaintiffs would be glad to provide further briefing or oral argument if it would please the Court.

As explained in prior briefing, the constitutional reasonableness prong is meant to ensure that litigation in this forum is not "so gravely difficult and inconvenient as to place the defendant at a severe disadvantage in comparison to his opponent." *CFA Inst. v. Inst. of Chartered Fin. Analysts of India*, 551 F.3d 285, 296 (4th Cir. 2009) (internal quotation marks omitted); *see also* ECF No. 28 at 14.[2] The news articles submitted by Defendant are irrelevant to this inquiry. For this reason alone, the Court should disregard the articles.[3]

Defendant nonetheless contends that the articles are relevant because they demonstrate that Plaintiffs "have effective means to protect their rights in Russia." ECF No. 70 at 3. But a Russian law that apparently provides for takedowns of pirate apps *in Russia* says nothing about Plaintiffs' vindication of their rights *in the United States*. The Russian law as set forth in Defendant's articles does not enable Plaintiffs to address the prior and ongoing infringement committed by millions of users in the United States on Defendant's websites. Nor does the Russian law, as described in Defendant's articles, provide Plaintiffs the opportunity to obtain damages for the massive copyright infringement facilitated by Defendant in the United States.

Moreover, the articles themselves question the effectiveness of Russia's newly-enacted anti-piracy law. *See* ECF No. 69-1, at 2 (noting "potential loophole" and ability for pirated apps to "potentially evade blocking [measures]"); ECF No. 69-2, at 5–6 (describing record labels' applications for Russian injunctions as a "test run"). And to the extent that the articles are an effort by Defendant to put forward an expert opinion as to the availability of legal remedies in Russia, the articles are woefully insufficient.

---

[2] When applying that standard, courts consider the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. *CFA Inst.*, 551 F.3d at 296.

[3] Not only are the materials irrelevant to the issue on remand, Defendant did not meet and confer with Plaintiffs before filing the motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's motion to file supplemental materials in support of his motion to dismiss. In addition, now that the Supreme Court has denied Defendant's petition for certiorari, Plaintiffs request that this Court rule on the third prong of the personal jurisdiction analysis, deny Defendant's motion to dismiss, and lift the stay on proceedings in this Court. In that event, Plaintiffs respectfully ask that the Court consider the parties' Proposed Joint Discovery Plan Pursuant to Rule 26(f) (ECF No. 55) when issuing a schedule for completion of discovery and other pretrial deadlines.

Respectfully submitted,

February 3, 2021

          */s/ Scott A. Zebrak*
Scott A. Zebrak (VSB No. 38729)
Matthew J. Oppenheim (*pro hac vice*)
Lucy Grace D. Noyola (*pro hac vice*)
Kellyn M. Goler (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: (202) 480-2999
Fax: (866) 766-1678
scott@oandzlaw.com
matt@oandzlaw.com
lucy@oandzlaw.com
kellyn@oandzlaw.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 3, 2021, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will send the document and notification of such filing to counsel of record.

                                                      */s/ Kellyn M. Goler*
                                                      Kellyn M. Goler