IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| UMG RECORDINGS, INC., et al. | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18cv957 |
| | ) | |
| TOFIG KURBANOV, et al. | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

THIS MATTER comes before the Court on remand from the U.S. Court of Appeals for the Fourth Circuit.

The relevant facts of this case have not changed since this Court issued its January 22, 2019 Order to dismiss the case. The twelve Plaintiffs are record companies that produce, distribute, and license most commercial sound recordings in the United States. Defendant Tofig Kurbanov is a Russian national residing in Russia. He operates two websites, www.FLVTO.biz and www.2conv.com ("Websites"), which are available to the public for "stream ripping" at no cost. Visitors to the Websites may use their services to "rip" and save audio tracks from online videos. The Complaint alleges the Websites facilitate music piracy in violation of the Copyright Act.

Defendant Kurbanov moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. The Motion alleges that Defendant Kurbanov, a foreign national, is not subject to the jurisdiction of this Court (Rule 4(k)(1)), nor is he subject to any other state's courts of general jurisdiction (Rule 4(k)(2)). On January 22, 2019, this Court granted Defendant Kurbanov's Motion to Dismiss, finding that Plaintiffs failed to establish that Defendant purposefully availed himself of the benefits and protections of either Virginia or U.S. laws. For this or any other district court to assert personal jurisdiction would therefore have been an unconstitutional violation of due process. The Court dismissed the case.

Plaintiffs appealed the Court's dismissal, and the Fourth Circuit reversed the decision of this Court on June 26, 2020. UMG Recordings, Inc. v. Kurbanov, 963 F.3d 344, 355 (4th Cir. 2020). The Fourth Circuit found "more than sufficient facts [] to conclude that [Defendant] Kurbanov has purposefully availed himself of the privilege of conducting business in Virginia and thus had a 'fair warning' that his forum-related activities could 'subject [him] to [Virginia's] jurisdiction.'" Id. at 353 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 472 (1985)). It found Defendant Kurbanov's contacts with Virginia were "plentiful," noting the volume of Virginia-based visitors to the Websites (more than half a million during the relevant period) and the repeated interactions of these

2

visitors with the Websites. Id. The Fourth Circuit also rejected Defendant Kurbanov's "attempt to distance himself from this commercial arrangement" between the Websites and Virginians. Id. It found that Defendant Kurbanov "facilitates targeted advertising by collecting and selling visitors' data" and that it is "immaterial" whether it was he or the third-party advertisers who actually targeted Virginians with advertisements on the Websites. Id. at 354. Considering also that Defendant Kurbanov registered an "agent with the U.S. Copyright Office, contracted with U.S.-based advertising brokers, registered the Websites with U.S.-based domain registers, and until recently relied on U.S.-based servers," the Fourth Circuit determined Defendant Kurbanov's "contacts with Virginia are quantitatively and qualitatively sufficient to demonstrate that he purposefully availed himself of the privilege of conducting business here." Id.

Next, the Fourth Circuit found that Plaintiffs' claims "arise out of activities directed at Virginia" because Defendant Kurbanov "knew the Websites were serving Virginian visitors and yet took no actions to limit or block access, all while profiting from the data harvested from the same visitors." Id. at 354. His contacts with Virginia were thus "substantial" and "form[] an important part of the claim." Id. at 354-55 (quoting Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 295-96 (4th Cir. 2009)).

3

Acknowledging that the Court did not reach the issue in its January 22, 2019 Order, the Fourth Circuit remanded the case to the Court with instructions to determine the final requirement for personal jurisdiction: "[W]hether the exercise of personal jurisdiction would be constitutionally reasonable." Id. at 352, 355. The Fourth Circuit concluded in this case that "the exercise of specific personal jurisdiction under Rule 4(k)(1) is appropriate if it is constitutionally reasonable." Id. at 355.

When a defendant challenges a court's specific personal jurisdiction over him in a matter, the court must consider "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)).

The Due Process Clause guards against subjecting a person's liberty interest "to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 471-72 (1985) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 319 (1945)). Some claims may arise from a defendant's purposeful availment but

4

still be unreasonable under the Due Process Clause. Burger King Corp., 471 U.S. at 477-78 ("[M]inimum requirements inherent in the concept of 'fair play and substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities.") (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980)). To defeat jurisdiction on the grounds of unreasonableness, a defendant must present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." Burger King Corp., 471 U.S. at 477. A court may consider the following factors:

> (1) the burden on the defendant of litigating in the forum;
> (2) the interest of the forum state in adjudicating the dispute;
> (3) the plaintiff's interest in obtaining convenient and effective relief;
> (4) the shared interest of the states in obtaining efficient resolution of disputes; and
> (5) the interests of the states in furthering substantive social policies.

Consulting Eng'rs Corp., 561 F.3d at 279 (citing Burger King Corp., 471 U.S. at 477). The Court considers these factors with the understanding that it is bound by the legal and factual findings of the Fourth Circuit.

First, Defendant Kurbanov has demonstrated that the burden on him is great because of his geographic limitations. Though a party's foreign domicile does not necessarily render personal

jurisdiction in the United States unduly burdensome, courts give significant weight to "the unique burdens placed upon one who must defend oneself in a foreign legal system." ESAB Grp. v. Zurich Ins., 685 F.3d 376, 393 (4th Cir. 2012) (quoting Asahi Metal Indus. v. Super. Ct. of Cal., 480 U.S. 102, 114 (1987)). Compare id., with CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 296 (4th Cir. 2009) (finding Defendant is "not shielded from civil liability in Virginia because it is headquartered" outside the United States). A court should examine the totality of Defendant's circumstances to determine whether litigation would be "so gravely difficult and inconvenient as to place the defendant at a 'severe disadvantage in comparison to his opponent.'" Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 469 F.3d 209, 217 (4th Cir. 2001) (quoting Burger King Corp., 471 U.S. at 478).

Defendant asserts that it would be extremely burdensome and costly for him to travel to the United States for the purpose of these proceedings. Copyright infringement cases can be very complex litigation, demanding regular in-court appearances. Defendant Kurbanov resides in Rostov-on-Don, Russia, more than twenty hours by plane from the Eastern District of Virginia. Defendant does not have a visa to visit the United States, and the nearest U.S. embassy for him to obtain one is a twelve-hour drive from his home.

6

Nonetheless, Defendant has secured counsel in the United States to represent his interests. Judging from the many filings defense counsel has made in the present case, Defendant appears to maintain satisfactory communication with his counsel. There is nothing to indicate defense counsel could not adequately represent Defendant's interests in the United States going forward. See CFA Inst., 551 F.3d at 296 (reasoning that because defendant had U.S. counsel "its litigation burden is thus no more substantial than that encountered by other entities that choose to transact business in Virginia").

Next, Virginia has an interest in resolving this dispute. The Fourth Circuit found the Defendant had "plentiful" contacts with Virginia because more than 1.5 million visitors to the Websites were located in the Commonwealth. Defendant "collected personal data" from these visitors when they visited the Websites. Though the claims at issue in this case do not arise under Virginia law, Virginia maintains "an interest in ensuring that the nation's copyright and trademark laws are not violated within its borders," lest the state become a safe haven for intellectual property infringement. Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 305 (4th Cir. 2012).

On balance, the factors discussed above favor the Court finding that jurisdiction in this venue is constitutionally reasonable. Defendant has failed to present compelling reasons

7

that litigating this case in the Eastern District of Virginia would unduly burden him. As this Court is bound by the Fourth Circuit's decision on the first two prongs of the personal jurisdiction analysis, it finds Defendant Kurbanov is subject to the jurisdiction of this Court in this matter. An accompanying order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
March 30, 2021