**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC.; CAPITAL RECORDS, LLC; WARNER RECORDS INC.; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP, INC.; FUELED BY RAMEN, LLC; NONESUCH RECORDS INC.; SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ARISTA RECORDS LLC; LAFACE RECORDS LLC; and ZOMBA RECORDING LLC,<br><br>      Plaintiffs,<br><br>v.<br><br>TOFIG KURBANOV d/b/a FLVTO.BIZ and 2CONV.COM; And DOES 1-10,<br><br>      Defendants. | **Case No.**<br>**1:18-CV-00957-CMH-TCB** |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND**

Defendant Tofig Kurbanov ("Mr. Kurbanov"), by and through his undersigned counsel, for his Answer to the Complaint of Plaintiffs UMG Recordings, Inc.; Capital Records, LLC; Warner Records, Inc. (f/k/a Warner Bros. Records, Inc.); Atlantic Recording Corporation; Elektra Entertainment Group, Inc.; Fueled By Ramen, LLC; Nonesuch Records, Inc.; Sony Music Entertainment; Sony Music Entertainment US Latin LLC; Arista Records, LL; Laface Records, LLC; and Zomba Recording, LLC (hereinafter, collectively," Plaintiffs" ), herein states as follows:

## ANSWER

### Introduction

1. Mr. Kurbanov is without sufficient knowledge to admit or deny the first sentence of this paragraph and, as such, denies the same. Mr. Kurbanov admits that he owns and operates the websites located at www.FLVTO.biz and www.2conv.com. Defendant denies the remaining allegations of this paragraph. In further answering, Defendant states that the two websites in question are no more "circumvention" tools than are a VCR or cassette tape recorder; that the websites in question are content-neutral; that they have significant non-infringing uses; and that the very functionality of which the Plaintiffs complain is built entirely on open-source code known as "youtube-dl," available to anyone in the world with an internet connection.

2. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

3. Denied.

4. Denied. In further answering, Mr. Kurbanov states that, on information and belief, Google, which owns Youtube, does not consider the youtube-dl software to be a circumvention tool and has recently stopped honoring takedown notices from Plaintiffs concerning sites utilizing the youtube-dl software. *See, e.g.,* **Exhibit 1.**

5. Mr. Kurbanov denies the first sentence of this paragraph. Mr. Kurbanov is without sufficient knowledge to admit or deny the remaining allegations of this paragraph and, as such, denies the same.

6. Denied.

7. Denied.

8. Denied.

## Nature of the Action

9. This paragraph contains only a conclusion of law requiring no response. To the extent a response is required, Mr. Kurbanov denies the allegations of this paragraph.

## Jurisdiction and Venue

10. This paragraph contains only a conclusion of law requiring no response. To the extent a response is required, Mr. Kurbanov denies the allegations of this paragraph.

11. Denied.

12. Denied.

13. Denied.

## The Parties

### *Plaintiffs*

14. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

15. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

16. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

17. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

18. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

19. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

20. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

21. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

22. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

23. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

24. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

25. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

26. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

27. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

28. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

***Defendants***

29. Admitted.

30. Mr. Kurbanov admits the first sentence of this paragraph. Mr. Kurbanov denies the second sentence of this paragraph.

31. Denied.

32. Denied.

## The Youtube Service

33. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

34. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

35. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

36. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

37. Denied.

38. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

39. Mr. Kurbanov is without sufficient knowledge to admit or deny the allegations of this paragraph and, as such, denies the same.

40. Mr. Kurbanov denies the first sentence of this paragraph. Mr. Kurbanov denies the factual allegations of the second sentence of this paragraph except to admit that the image included appears to accurately reflect a screen capture of the FLVTO website at some particular moment in time. To the extent not otherwise admitted, Mr. Kurbanov denies the allegations of this paragraph.

41. Mr. Kurbanov admits that the image included appears to accurately reflect a screen capture of the 2conv website at some particular moment in time. To the extent not otherwise admitted, Mr. Kurbanov denies the allegations of this paragraph.

42. Mr. Kurbanov denies the first sentence of this paragraph. Mr. Kurbanov is without sufficient knowledge to admit or deny the remaining allegations of this paragraph and, as such, denies the same.

43. Mr. Kurbanov admits that the websites operate by a user entering a URL into an input box on the website and clicking on a conversion button. To the extent not otherwise admitted, Mr. Kurbanov denies the allegations of this paragraph.

44. Denied. Mr. Kurbanov denies that copies of recordings are retained on servers or that either of the websites in question engages in "circumvention" as defined under the law. In further answering, Mr. Kurbanov states that the websites operate just as a VCR or tape recorder does, recording that which is "played" through it and enabling the user to shift the time and/or location that they listen to a recording that is otherwise being made freely available to the public. The very functionality of which the Plaintiffs complain was built entirely utilizing open-source software referred to as "youtube-dl" and available to anyone with an internet connection. Attached hereto as **Exhibits 2-4**, respectively are: a letter from the Electronic Frontier Foundation ("EFF") and two articles from the EFF that explain in detail why youtube-dl is not a circumvention tool and how Plaintiffs have abused the DMCA process in claiming to the contrary.

45. Denied. Mr. Kurbanov denies that copies of recordings are retained on servers or that either of the websites in question engages in "circumvention" as defined under the law. In further answering, Mr. Kurbanov states that the websites operate just as a VCR or tape recorder does, recording that which is "played" through it and enabling the user to shift the time and/or location that they listen to a recording that is otherwise being made freely available to the public. The very functionality of which the Plaintiffs complain was built entirely utilizing open-source

software referred to as "youtube-dl available to anyone with an internet connection. Attached hereto as **Exhibits 2-4**, respectively are: a letter from the EFF and two articles from the EFF that explain in detail why youtube-dl is not a circumvention tool and how Plaintiffs have abused the DMCA process in claiming to the contrary.

46. Mr. Kurbanov admits that the 2conv website operates in a similar manner to the FLVTO website. Mr. Kurbanov admits further that the pasted image appears to accurately reflect a screen capture of the 2conv website at some particular moment in time. To the extent not otherwise admitted, Mr. Kurbanov denies the allegations of this paragraph.

47. Denied.

48. Denied.

49. Denied except that, with respect to the allegation that the works listed in Exhibit A are registered with the United States Copyright Office, Plaintiff has insufficient information to admit or deny the allegations and, as such, denies the same.

50. Denied.

51. Denied.

52. Denied.

## Count One
### (Direct Copyright Infringement)

53. Mr. Kurbanov repeats and realleges each response contained in the above paragraphs as if fully set forth herein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

## Count Two
### (Contributory Copyright Infringement)

60. Mr. Kurbanov repeats and realleges each response contained in the above paragraphs as if fully set forth herein.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## Count Three
### (Vicarious Copyright Infringement)

68. Mr. Kurbanov repeats and realleges each response contained in the above paragraphs as if fully set forth herein.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## Count Four
### (Inducement of Copyright Infringement)

76. Mr. Kurbanov repeats and realleges each response contained in the above paragraphs as if fully set forth herein.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

## Count Five
### (Circumvention of Technological Measures)

87. Mr. Kurbanov repeats and realleges each response contained in the above paragraphs as if fully set forth herein.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

## AFFIRMATIVE DEFENSES

1. The allegations and claims in the Complaint fail, in whole or in part, to state a claim upon which relief may be granted.

2. This Court does not have personal jurisdiction over Mr. Kurbanov and, as such, cannot adjudicate the claims against him consistent with the Due Process Clause of the United States Constitution.

3. The Complaint is barred, in whole or in part, by the doctrine of copyright misuse. Specifically, but without limitation, Plaintiffs' filing of this case, general litigation strategies, and widespread improper use of takedown requests to Google alleging non-existent anti-circumvention violations show a clear intent by Plaintiffs to use their copyrights for a purpose other than which they were intended.

4. The Complaint fails, in whole or in part, and Plaintiffs are barred from equitable relief, by the doctrine of unclean hands. Specifically, but without limitation, Plaintiffs' filing of this case, general litigation strategies, and widespread improper use of takedown requests to Google alleging non-existent anti-circumvention violations show a clear intent by Plaintiffs to use their copyrights for a purpose other than which they were intended.

5. Defendant is entitled to a defense of fair use and, as such, the Complaint, in whole or in part, fails. Any use of Plaintiffs' putative copyrighted works constituted fair use under 17 U.S.C. § 107 (to the extent applicable). In addition, Plaintiffs have failed to properly consider

whether the individuals utilizing the subject websites were entitled to do so under the doctrine of fair use.

6. The Complaint fails, in whole or in part, because the websites in question do not "circumvent" intellectual property protections.

7. The Complaint fails, in whole or in part, because Plaintiffs are more than fifty percent contributorily negligent by making their works freely available to the public on the internet.

8. The Complaint fails, in whole or in part, because time-shifting and location-shifting are protected uses.

9. The Complaint fails, in whole or in part, because the websites are capable of significant non-infringing uses.

10. The Complaint must fail, in whole or in part, because any alleged acts of infringement, which Defendant denies, occurred entirely outside of the United States of America.

11. The Complaint is barred, in whole or in part, by lack of scienter and/or because the alleged infringement, if any, was innocent on Defendant's part. Specifically, but without limitation, to the extent that Defendant could be found to have participated in the alleged infringement of Plaintiffs' intellectual property rights, which Defendant denies, such infringement was unintentional and without knowledge, and therefore Defendant is either not liable for such infringements or the damages that may be obtained against Defendant is limited.

12. The Complaint is barred, in whole or in part, because any damages to Plaintiffs were not the proximate result of Defendant's actions or omissions. Specifically, but without limitation, Defendant engaged in no conduct or omissions which resulted in any damages to Plaintiffs which were a natural, direct, and uninterrupted consequence of Defendant's actions or

omissions. To the contrary, to the extent Plaintiffs suffered any damages, which Defendant denies, such damages were as a result of the actions and omissions of third parties (e.g., those individuals who allegedly utilized the websites to access Plaintiffs' works).

13. Plaintiffs are not entitled to injunctive relief because they have not suffered irreparable harm. Specifically, but without limitation, to the extent that Plaintiffs have suffered any harm, which Defendant denies, any such harm can be fully remedied by monetary damages only.

14. Plaintiffs cannot recover damages from Defendant to the extent that damages alleged by Plaintiffs are speculative or uncertain. Specifically, but without limitation, Plaintiffs cannot with any certainty demonstrate that they lost any actual profits from the alleged infringement or that Defendant made any profit attributable directly to the alleged infringement.

15. Plaintiffs cannot recover damages from Defendant to the extent that Plaintiffs failed to mitigate their alleged damages.

16. The Complaint fails in whole or in part because the alleged infringements were neither the result of the actions of Defendant, nor within Defendant's reasonable control.

17. The Complaint fails, in whole or in part, because Defendant lacked the necessary volition required to state a claim for direct copyright infringement.

18. Without admitting that the Complaint states a claim, any remedies are limited to prevent an overlapping or duplicative recovery pursuant to the various claims against Defendant or for any alleged single wrong. Specifically, but without limitation, Plaintiffs have alleged multiple alternative theories of liability against Defendant for the same single alleged wrong, and Plaintiffs are not entitled to multiple damages for the same as they would constitute overlapping or duplicative recovery.

19. The Complaint is barred, in whole or in part, for lack of standing.

Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent upon discovery of further information concerning Plaintiffs' claims.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Defendant prays that the Court award the following relief:

A. That judgment enter for Defendant and against Plaintiffs on each of the Counts of the Complaint;

B. That the Court find Defendant to be a prevailing party in a copyright action and accordingly award Defendant his reasonable costs and attorney's fees; and

C. That the Court award Defendant such other relief the Court deems to be just.

## **DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

**Respectfully Submitted:  April 21, 2021**

/s/ Jeffrey H. Geiger
Jeffrey H. Geiger (VSB No. 40163)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2400
Bank of America Plaza
P.O. Box 1998 (23218)
Richmond, Virginia 23218-1998
Telephone: (804) 783-7248
jgeiger@sandsanderson.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
vgurvits@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Evan@CFWLegal.com

/s/ Matthew Shayefar
Matthew Shayefar (*Pro hac vice*)
Law Office of Matthew Shayefar, PC
750 N. San Vicente Blvd, 800 West
W. Hollywood, CA 90069
323-948-8101
matt@shayefar.com
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of April, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

Michael K. Lowman, Esquire
Jenner & Block LLP
1099 New York Ave, NW
Suite 900
Washington, DC 20001-4412
Email: mlowman@jenner.com
*Counsel for Plaintiffs*

Kenneth L. Doroshow, Esquire
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Email: kdoroshow@jenner.com
*Counsel for Plaintiffs (admitted pro hac vice)*

Alison I. Stein, Esquire
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Email: astein@jenner.com
*Counsel for Plaintiffs (admitted pro hac vice)*

Jonathan A. Langlinais, Esquire
Jenner & Block LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Email: jlanglinais@jenner.com
*Counsel for Plaintiffs (admitted pro hac vice)*

Matthew J. Oppenheim, Esquire
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Email: matt@oandzlaw.com
*Counsel for Plaintiffs*

/s/ Jeffrey H. Geiger
Jeffrey H. Geiger (VSB No. 40163)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2400
Bank of America Plaza
P.O. Box 1998 (23218)
Richmond, Virginia 23218-1998
Telephone: (804) 783-7248
jgeiger@sandsanderson.com