# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KURBANOV, *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00957-CMH-TCB |

## **PROPOSED JOINT DISCOVERY PLAN PURSUANT TO RULE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26, and the Court's April 1, 2021 Scheduling Order (ECF No. 77), Plaintiffs UMG Recordings, Inc., et al. (collectively, "Plaintiffs") and Defendant Tofig Kurbanov ("Defendant") submit this Proposed Joint Discovery Plan.  The initial pretrial conference is set for April 28, 2021 at 11:00 a.m.

**I.      MEETING**

On April 19, 2021, the parties conferred to consider the nature and basis of their claims and defenses, the possibility of a prompt settlement or resolution of the case, trial before a magistrate judge, arrangements for the disclosures required by Rule 26(a)(1), and development of this discovery plan.

**II.     INITIAL DISCLOSURES**

The parties have agreed to serve their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before April 26, 2021.

**III.    DISCOVERY PLAN**

The parties jointly propose the following discovery plan.

  *A.*  ***Subjects***

  The scope of discovery will be governed by Federal Rule of Civil Procedure 26(b) and the Court's April 1, 2021 Scheduling Order (ECF No. 77).

  *B.*  ***Parties' Discovery***

  **1.**  The Court's April 1, 2021 Scheduling Order (ECF No. 77) requires the parties to complete discovery by August 13, 2021.

  **2.**  The party with the burden of proof on an issue will serve opening expert report(s) no later than June 18, 2021.

  **3.**  Any party intending to serve expert reports responding to the opening expert reports will serve them no later than July 9, 2021.

  **4.**  Any party intending to serve reply expert reports will serve them no later than July 30, 2021.

  **5.**  All expert and fact depositions shall be completed by August 13, 2021.

  *C.*  ***Pre-Trial Conference***

  The Court's April 1, 2021 Scheduling Order (ECF No. 77) set the final pretrial conference for August 19, 2021, at 10:00 a.m.

  *D.*  ***Motions for Summary Judgment***

  **1.**  Motions for summary judgment, if any, will be filed by September 10, 2021.

  **2.**  Briefs in opposition to any motions for summary judgment will be filed by October 8, 2021.

  **3.**  Briefs in reply in support of any motion for summary judgment will be filed by October 22, 2021.

**IV.     STIPULATIONS**

  **A.     *Documents Received from Non-Parties***

Any party that receives documents from a non-party pursuant to a subpoena shall make those documents available to any other party, at that other party's cost.

  **B.     *Service***

For all motions and other Court filings, the parties agree to rely on automated service through ECF.  For service of documents not filed through ECF, the parties agree to serve, and accept service, by e-mail.  The parties agree to exchange Word copies of all discovery requests on the date the discovery is served.

  **C.     *Protective Order***

The parties shall confer on the terms of an appropriate protective order that may be deemed necessary to protect confidential, proprietary information that may be exchanged during the course of discovery.  The parties will file an appropriate motion for entry of a protective order on or before April 26, 2021.

  **D.     *Settlement Negotiations***

The parties will discuss settlement opportunities and consider the possibility of a settlement conference as the case progresses.

  **E.     *Trial***

A jury trial has been demanded.  Based on the parties' current assumptions, it is expected that the trial of this matter will last from five to eight trial days.  The parties have not consented to trial before a magistrate judge.

## V. DISPUTED ISSUES

### A. *Plaintiffs' Position*

**1. Electronically Stored Information.** Defendant refuses to agree to—or even discuss—a protocol for the preservation and production of electronically stored information ("ESI"). Defendant rejected Plaintiffs' proposal for an ESI protocol as "premature" and "costly." That position is untenable. Plaintiffs respectfully request that the Court enter Plaintiffs' proposal for an ESI protocol, which is attached as Exhibit A, so that document production can proceed without delay.

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(C), Plaintiffs proposed an ESI protocol, including the forms in which ESI should be produced. Defendant has no basis to make the same timing and cost objections it previously set forth in the parties' originally-filed Proposed Joint Discovery Plan Pursuant to Rule 26(f) (ECF No. 55), which was filed seven months ago before the Court stayed the proceedings. The Court's April 1, 2021 Scheduling Order (ECF No. 77) permitted discovery to begin as of that date. On April 7, 2021, Plaintiffs served Defendant discovery requests. By this time, Defendant should be fully aware of what documents are being requested and the format in which Defendant's documents can be produced. And, to the extent Defendant cannot convert documents from their native format (*see* ECF No. 55, at 8), the proposed protocol allows the parties to produce either in TIFF format or native format. Plaintiffs' proposed ESI protocol is appropriate and timely.

**2. Discovery Schedule.** The discovery deadline set forth by Court's April 1, 2021 Scheduling Order (ECF No. 77) may present challenges in view of the need for international discovery, logistical difficulties due to the COVID-19 virus, and any delays due to issues relating to ESI. For example, Plaintiffs will seek to depose Defendant, who resides in Russia; Plaintiffs also are told that the documents to be produced by Defendant are likely to be in Russian and in

need of translation to English. Given these issues, Defendant had previously agreed to extending the time for discovery by eight weeks (*see* ECF No. 55, at 2), but Defendant no longer consents to such an extension. Nonetheless, the parties will endeavor to work cooperatively on the discovery schedule and, in the event they cannot, may seek the Court's assistance.

### B.     *Defendant's Position*

**Discovery schedule**

It is no secret that Mr. Kurbanov – a Russian citizen and resident without ties to the United States or the Eastern District of Virginia – did not seek to be in this Court. Plaintiffs filed their litigation here (despite the fact that not one of them is located in the Eastern District of Virginia) because they wanted to take advantage of the rocket docket. They got what they wished for but now object to the constrined discovery schedule that is standard in this Court.

Although it is true that Plaintiffs have indicated their intent to take Mr. Kurbanov's deposition in Russia, what Plaintiffs have failed to mention is that the parties have agreed that such a deposition will take place remotely, via Zoom (or the equivalent), effectively eliminating days of travel time on each side of the depostion. If anything, this should make the discovery more efficient, not less. In reality, then, here has been no actual demonstration of need to amend the Court's usual practices, just speculation from the Plaintiffs about what *might one day* present a problem. This is a non-dispute presently.

**Electronically Stored Information**

Despite Plaintiffs' contention, above, that Defendant should somehow have known all of the documents to be produced, their volume, and format (because Plaintiffs had propounded a proposed ESI plan months earlier), it has – in reality – been less than two (2) weeks since

Plaintiffs served their request for documents.  The request has been transmitted to the client in Russia and counsel are working with him to try to identify responsive information.

In the parties' Zoom conference on April 19, 2021, counsel for Mr. Kurbanov informed Plaintiffs that they were in the process of determining what responsive documents might exist and stated that, when they had done so, they would be happy to discuss the methods and format of production.  Counsel for Mr. Kurbanov also informed Plaintiffs that they had, in the past in other litigations, utilized third-party electronic discovery platforms to facilitate the production of large amounts of electronic data and that they would do so in this case *if the volume of data to be produced warranted the significant costs associated with such services*.  Counsel for Mr. Kurbanov also volunteered that they would generally be amenable to producing any electronic data that exists in its native format.

Dissatisfied with this response, Plaintiffs have instead brought their complaint to the court, painting the issue as "disputed" when in reality it is simply "premature."  The Rules do not require parties to agree to a specific form of production of electronically stored data, despite Plaintiffs' desires to the contrary.  Moreover, it is not even as if Mr. Kurbanov has rejected the format of production sought by Plaintiffs – he has simply said he will not agree to a costly process before determining if the volume of the materials to be produced warrants such an expenditure.  This, too, is (presently at least) a non-dispute.

Dated:  April 21, 2021 	Respectfully submitted,

                */s/ Scott A. Zebrak*
Scott A. Zebrak (VSB No. 38729)
Matthew J. Oppenheim (*pro hac vice*)
Lucy Grace D. Noyola (*pro hac vice*)
Kellyn M. Goler (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: (202) 480-2999
Fax: (866) 766-1678
scott@oandzlaw.com
matt@oandzlaw.com
lucy@oandzlaw.com
kellyn@oandzlaw.com

*Attorneys for Plaintiffs*

7

      */s/ Jeffrey H. Geiger*
Jeffrey H. Geiger (VSB No. 40163)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2400
Bank of America Plaza
P.O. Box 1998 (23218)
Richmond, Virginia 23218-1998
Telephone: (804) 783-7248
jgeiger@sandsanderson.com

      */s/ Valentin D. Gurvits*
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
vgurvits@bostonlawgroup.com

      */s/ Evan Fray-Witzer*
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Evan@CFWLegal.com

      */s/ Matthew Shayefar*
Matthew Shayefar (*pro hac vice*)
Law Office of Matthew Shayefar, PC
925 N La Brea Ave
West Hollywood, California 90038
Telephone: 323-948-8101
matt@shayefar.com

*Attorneys for Defendant*