**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC.; et al.<br>    Plaintiffs,<br><br>v.<br><br>TOFIG KURBANOV, et al.<br>    Defendants. | **Case No.
1:18-CV-00957-CMH-TCB** |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS**

**Introduction**

In the present case, the Plaintiffs, a collection of twelve record companies, have brought suit against an individual defendant, Tofig Kurbanov, a Russian citizen and resident, concerning two websites that he manages entirely and exclusively from Russia.  The websites at issue, FLVTO.biz and 2CONV.com (the "Websites"), are free to use and allow visitors to save the audio tracks from online videos to their computers without having to also save the video content.  The Websites were created with open-source software called "YouTube-dl."  This software is free and available to anyone with an internet connection.

Contrary to the Plaintiffs' assertions, the Websites are not "pirate" websites, but rather the Websites are content neutral: there are substantial non-infringing reasons why users would and do utilize the Websites,[1] much like the substantial non-infringing reasons why people use

---

[1] *See*, *e.g.*, Timothy Geigner, *Techdirt*, "Music Industry Is Painting A Target On YouTube Ripping Sites, Despite Their Many Non-Infringing Uses" (Sep 15, 2017) https://tdrt.io/gpJ ("[T]here are a ton of legitimate uses outside of the music business to use these sites.  I use them all the time.  I primarily use them for videos that are essentially speech-based content so I can listen to them on the go.  History lectures, public debates, reviews: they're all on YouTube, they're all perfectly listenable in audio format, and none of the makers of that content are shouting about YouTube MP3 rips.").

VCRs or tape recorders (as confirmed by the Supreme Court).

Each of the Plaintiffs make their music videos widely and freely available via YouTube and YouTube Music. In other words, anyone with an internet connection can visit YouTube and legally watch and listen to music provided to YouTube by the Plaintiffs.

Plaintiffs have brought the present lawsuit alleging that *visitors to the Websites* have chosen to use the Websites to download songs from YouTube belonging to the Plaintiffs (but which Plaintiffs provided to YouTube for public consumption). By way of analogy, the Websites might be thought of like a VCR; Plaintiffs are suing the manufacturers of a VCR because some of the people who have used the VCRs have allegedly recorded freely broadcast television programs, which Plaintiffs make available for public broadcast.

## ARGUMENT

I. Defendant Cannot Produce That Which He Does Not Have.

Taking the simplest argument first, Plaintiffs ask the Court to compel the production of documents in response to requests 35, 36, and 38. Those requests and Defendants' Objections and Responses are set out in the footnotes, below.[2]

---

[2] **REQUEST NO. 35:**
All communications with Users concerning copyright or the legality of Defendant's Websites, converting video streams from Source Sites into downloadable audio files, or stream ripping.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 36:**
All communications with Users concerning the use of Defendant's Websites for stream ripping, converting video streams from Source Sites into downloadable audio files, or downloading or obtaining audio files.

With respect to requests 35 and 36 (each of which seeks communications with Users), Defendant has responded that he has no responsive documents. Plaintiffs have objected, asserting that Mr. Kurbanov's assertion "is not plausible," because, according to Plaintiffs' argument, the websites are very popular.[3] Despite the alleged popularity of the Websites, however, Mr. Kurbanov is simply an individual running two websites from the middle of Russia. He asserts that he does not have communications with the Users of the websites and Plaintiffs have provided no evidence to the contrary, other than their disbelief.

---

**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 38:**
All documents substantiating allegations that: (a) professors or students use Defendant's Websites to download the audio portions of lectures for later reference and playback; (b) bands use Defendant's Websites to download the audio tracks from their live performances that they have captured on video; or (c) parents use Defendant's Websites to download the audio portion of a school concert that they recorded.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant has previously attached to its court filings some documents that discuss the use of stream-ripping websites and references those articles here. Defendants state further that it believes that additional articles exist, which Plaintiffs could easily find, concerning the legitimate non-infringing uses of stream-ripping websites.

[3] Plaintiffs' assertion that the Fourth Circuit found the Websites to be "among the most popular websites" on the internet is more than a little misleading: the Fourth Circuit's recitation of facts, made in connection with the Plaintiffs' appeal of this Court's original dismissal of the present action for lack of jurisdiction, was simply a repetition of Plaintiffs' allegations, which the Court was required to accept as true at the 12(b) stage.

3

With respect to Request No. 38, which seeks "documents substantiating allegations" that the Websites are capable of significant non-infringing uses. In their motion to compel, Plaintiffs first acknowledge that Defendants have stated that the Websites are *capable* of significant non-infringing uses, but then mischaracterize Mr. Kurbanov's declaration to suggest that he was affirmatively stating that users have used the site in the specified manners. Mr. Kurbanov's declaration states, in relevant part:

> The functionality of the Websites is content neutral and there are substantial noninfringing reasons why users would utilize the Websites. For example, professors or students might choose to download the audio portions of lectures for later reference and playback; bands may want to capture the audio tracks from their live performances that they have captured on video; parents may want the audio portion of a school concert that they recorded; or any other number of non-infringing uses.

D.E. 25-1, ¶6.

Mr. Kurbanov never asserted (as Plaintiffs contend) that he knew how users were utilizing the Websites, nor could he (as Plaintiffs well know) since Mr. Kurbanov has stated in his interrogatory answers that he does not track what videos users access through the Websites.

As part of the meet-and-confer in advance of the present motion, counsel for Mr. Kurbanov noted that a number of articles discussing such significant noninfringing uses had been previously attached to Defendant's filings with this Court (and the Fourth Circuit) – such as the article cited in Footnote 1, above, and that Mr. Kurbanov incorporated those articles into his production by reference. Counsel also speculated that there were likely other such articles available on the internet to anyone interested in researching the matter, but that Mr. Kurbanov was not obligated to do this research for the Plaintiffs so as to have more documents to produce in discovery. In short, Mr. Kurbanov has produced those documents that he has in his possession in response to Request No. 38.

II.      <u>Redactions</u>.

Plaintiffs also complain about redactions made (by Mr. Kurbanov) to documents produced in response to Requests Nos. 26 and 27.[4]

Preliminarily, it should be noted that Mr. Kurbanov objected to both requests as being "overbroad and unduly burdensome" and "not reasonably calculated to lead to the discovery of admissible information." Despite that, Mr. Kurbanov produced relevant documents, but with the names of the individuals who signed the agreements and the banking information redacted. In their Motion to Compel, Plaintiffs claim that they need the redacted information so that they can "follow[] the money and know[] who else is involved in Defendant's Websites." Neither of these reasons are compelling. That the Plaintiffs want to know who *else* they might want to sue is irrelevant to their claims in *this* lawsuit against *this* Defendant. In short, the information sought is not relevant to Plaintiffs' claims or Defendant's defenses. (Mr. Kurbanov has never claimed that anyone other than himself is responsible for the operation of the Websites.)

---

[4] **REQUEST NO. 26:**
All agreements You have entered into for advertising displayed on Defendant's Websites.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those documents or things in his care, custody, or control.

**REQUEST NO. 27:**
All agreements You have entered into with advertising brokers.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those documents or things in his care, custody, or control.

Because there is no legitimate need for the Plaintiffs to obtain the unredacted versions of the documents produced, this request as well should be denied.

III. <u>Other Requests</u>

Finally, Plaintiffs complain about Defendants' responses/production in connection with nine other requests, Nos. 13. 18-19, 28-29, 37, 39, 43, and 48.[5]

---

[5] **REQUEST NO. 13:**
Documents sufficient to show, on a yearly basis, the number of Users of Defendant's Websites in the United States, and the number of visits to Defendant's Websites by those Users.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce responsive documents in his care, custody, or control.

**REQUEST NO. 18:**
All documents or communications concerning the Digital Millennium Copyright Act ("DMCA") or alleged copyright infringement in connection with Defendant's Websites, including all communications concerning infringement notices.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 19:**
Documents sufficient to identify each infringement notice You have received alleging infringement of one or more copyrighted sound recordings in connection with Defendant's Websites, including the date of the infringement notice, the sound recording(s) allegedly infringed, the website recipient, and the rights holder on behalf of whom the infringement notice was sent.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those responsive documents or things in his care, custody, or control.

6

**REQUEST NO. 28:**
All documents concerning any data, reports, logs, or other information from current or former advertising brokers for Defendant's Websites, including concerning the identity or location of the broker and payments from the broker.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.

**RESPONSE**: Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 29:**
All documents concerning any agreements, communications, data, or payments relating to AdsTerra, Propeller Ads, MGID, AdSupply, Advertise.com, Adcash, Taboola, DoubleClick, RevContent, AddThis, Mycdn, Clksite, Mybestmv, Pushnice, or Google.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those documents or things in his care, custody, or control.

**REQUEST NO. 37:**
All documents concerning any alleged non-infringing uses of Defendant's Websites or uses of Defendant's Websites to convert video streams of non-copyrighted content from Source Sites into downloadable audio files.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 39:**
All documents concerning any policy applicable to Users, including a copy of each version of the Terms of Use and privacy policies for Defendant's Websites, any repeat infringer policy, and any documents that describe the implementation of such policies.
**OBJECTION**: No objection.
**RESPONSE**: Defendant will produce those responsive documents in his care, custody, or control.

A few of Plaintiffs' complaints are easily disposed of.

Request number 37 is near-identical to request 38, discussed above, inasmuch as it seeks documents concerning non-infringing uses of the website. As with request 38, Defendant has produced certain documents (i.e. articles of which it is currently aware) but has no additional documents, given that Mr. Kurbanov never tracked the videos that users sought to convert using the Websites.

Request number 39 seeks documents such as the Websites' terms of use and privacy policies, which are readily available from the Websites themselves. When Plaintiffs complained that they should not have to download the policies from the Websites, Defendant's counsel did so for them and produced them to the Plaintiffs. As such, Plaintiffs have that which they sought with this request.

---

**REQUEST NO. 43:**
Documents sufficient to show Your total and average revenues, costs, and profits, by year and quarter, in connection with Defendant's Websites.
**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 48:**
All documents supporting, refuting, or otherwise concerning Your affirmative defenses or any other defenses in this case.
**OBJECTION**: Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines. Defendant objects to this Discovery Request as overbroad and unduly burdensome. Subject to these objections, Defendant responds as follows.
**RESPONSE**: Defendant will produce responsive documents if and when identified and in accordance with the applicable rules.

Request number 48 is an incredibly broadly worded request seeking any document in any way concerning any defense that Mr. Kurbanov has asserted or may assert. Certainly to the extent that Mr. Kurbanov seeks to use a document or documents to substantiate his defenses, he must produce the same to the Plaintiffs, which is why he responded that he would "produce responsive documents if and when identified and in accordance with the applicable rules." Mr. Kurbanov is not required at this stage, however, to know every document on which he might rely in support of a defense.

This leaves six other requests for documents: one dealing with the number of visitors to the Websites (No. 13); two dealing with notices of alleged infringement received by the Websites (Nos. 18 and 19); two dealing with advertising agreements and reports from advertising brokers (Nos. 28 and 29); and one dealing with the revenues and profits received by the Websites (No. 43). Preliminary, counsel must note that they cannot themselves state whether any such additional documents exist (Defendant has produced some documents related to advertising agreements, albeit in a redacted form). And, counsel notes further that some of these requests appear to be overbroad (for example, Plaintiffs request notices of alleged infringement that are completely unconnected to Plaintiffs' copyrighted materials – indeed, unconnected to sound recordings at all).

Even so, and assuming the existence of such documents, counsel can only state that they have fully (and repeatedly) advised Mr. Kurbnov that documents responsive to these requests should be produced if they are in Mr. Kurbanov's care, custody, or control. Nevertheless, no additional documents have been provided to counsel from Mr. Kurbanov, nor do counsel expect that Mr. Kurbanov will provide them with additional documents for production.

## **Conclusion**

For the reasons stated hereinabove – and to the extent argued hereinabove – Plaintiffs' motion to compel should be denied.

Dated: June 3, 2021

**Respectfully Submitted:**

/s/ Jeffrey H. Geiger
Jeffrey H. Geiger (VSB No. 40163)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2400
Bank of America Plaza
P.O. Box 1998 (23218)
Richmond, Virginia 23218-1998
Telephone: (804) 783-7248
Facsimile: (804) 783-7291
jgeiger@sandsanderson.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
Matthew Shayefar (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
Facsimile: 617-928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Facsimile: 617-423-4855
Evan@CFWLegal.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of June, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

    Scott A. Zebrak, Esquire
    Matthew J. Oppenheim, Esquire
    Lucy Grace D. Noyola, Esquire
    Kellyn M. Goler, Esquire
    Oppenheim + Zebrak, LLP
    4530 Wisconsin Avenue, NW, 5th Floor
    Washington, DC 20016
    Email: scott@oandzlaw.com
           matt@oandzlaw.com
           lucy@oandzlaw.com
           kellyn@oandzlaw.com
    *Counsel for Plaintiffs*

                              /s/ Jeffrey H. Geiger
                              Jeffrey H. Geiger