UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> KURBANOV, *et al.*, <br><br> *Defendants*. | Case No. 1:18-cv-00957-CMH-TCB |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**THEIR MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Tofig Kurbanov ("Defendant") should be ordered to produce: (1) documents Defendant agreed to produce but is withholding, (2) documents Defendant claims do not exist but undoubtedly must exist, and (3) unredacted versions of documents Defendant produced with improper redactions.[1]

### I. Defendant Failed to Timely Oppose Plaintiffs' Motion

Defendant has not complied with the rules of this Court. Local Civil Rule 7(H) states that, "[a]fter the filing of the complaint, all pleadings, motions, ***briefs***, and filings of any kind ***must be timely filed*** with the Clerk's Office of the division in which the case is pending." Loc. Civ. R. 7(H) (emphasis added). The Rule 16(B) Scheduling Order governing this case provides

---

[1] Plaintiffs do not respond to the gratuitous rhetoric in the "Introduction" to Defendant's Opposition about the supposedly innocent nature of his websites. Defendant, who has invoked the Fifth Amendment's protection against self-incrimination in response to a number of discovery requests, is fully aware that his websites are dedicated to infringement and other unlawful acts. For example, earlier this year the High Court of Justice in England issued a blocking order to block access in the United Kingdom to several of Defendant's websites, including both www.FLVTO.biz and www.2conv.com, on copyright infringement grounds.

1

that "a nondispositive motion may be filed by no later than 5:00 pm on a Friday and noticed for a hearing at 10:00 am on the following Friday. Under this expedited schedule, a response brief must be filed no later than 5:00 pm on the following Wednesday[.]" ECF No. 87 ¶ 12(d). Plaintiffs filed the instant motion on Wednesday, May 26, 2021, with a hearing noticed for Friday, June 4, 2021. ECF Nos. 91–93. Defendant's opposition to the instant motion therefore was due no later than 5:00 pm on Wednesday, June 2, 2021. Yet Defendant filed his opposition late, on Thursday, June 2, 2021, at 10:24 am.

       The Federal Rules of Civil Procedure provide for limited circumstances for extensions—none of which apply here. Federal Rule of Civil Procedure 6(b) provides that when an act must be done within a specified time, the time for doing so can be extended "for good cause." Fed. R. Civ. P. 6(b)(1). If the deadline has not yet passed, the Court may extend the time "with or without motion or notice." Fed. R. Civ. P. 6(b)(1)(A). If the deadline has already expired, the Court may extend the time "on motion . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

       Defendant did not seek leave to extend the time for filing his opposition, either before or after the time for doing so expired. Defendant has offered no explanation for his untimely filing, much less "good cause" or "excusable neglect." Nor has he even acknowledged that he filed his opposition on an untimely basis, in contravention of this Court's rules. Accordingly, the Court should disregard his Opposition.

## II. Defendant's Opposition is Meritless

Defendant's opposition brief, to the extent it is even considered, actually reinforces why the Court should grant Plaintiffs' requested relief.[2]

### A. Documents Defendant Has Agreed to Produce

Defendant does not dispute that he agreed to produce documents responsive to Plaintiffs' Request for Production Nos. 13, 18–19, 28–29, 37, 39, 43, and 48.  Nor does Defendant dispute the relevance of the requested documents.  Defendant's counsel concede that they do not know whether responsive documents exist; rather, they simply assert that they have advised Defendant that responsive documents "should be produced if they are in Mr. Kurbanov's care, custody, or control," but that they do not "expect that Mr. Kurbanov will provide them with additional documents for production."  ECF 94 at 9.  But Defendant's refusal to cooperate in discovery is not a legitimate basis to oppose Plaintiff's motion.

*Request Nos. 37 and 39*:  For these, Defendant has represented to the Court (through counsel) that he has "no additional documents" to produce.  ECF 94 at 8.  Defendant will be held to that representation.  Thus, the Court does not need to address these two requests.

*Request No. 48*:  This request seeks documents concerning defenses Defendant has asserted.  Defendant indicates that he will produce documents "if and when identified and in accordance with the applicable rules."  ECF 94 at 8.  That is not acceptable.  Defendant should be ordered to produce responsive documents.  In his Answer, Defendant pled a litany of eighteen (18) affirmative defenses.  ECF No. 81 at 10–13.  The time for Defendant to produce documents relating to those affirmative defenses is now, not later.

---

[2] For ease of reference, Plaintiffs address the issues in the order raised in their motion, rather than as re-ordered in Defendant's opposition.

*Request Nos. 13, 18, 19, 28, 29, and 43*: As to these requests, Defendant is continuing to stonewall. The documents that Defendant agreed to produce exist, but Defendant refuses to provide them. Defendant should be ordered to produce responsive documents immediately.

In Defendant's written responses to Plaintiffs' requests for production, he distinguished between those requests where he had no documents to produce. ECF No. 94 at 2–8 nn.2–5. As to Request Nos. 13, 18, 19, 28, 29, and 43, Defendant did not indicate that he has no documents to produce. ECF No. 94 at 6–8 n.5.

Prior to Plaintiffs filing this motion, Defendant's counsel candidly acknowledged that "there are other documents responsive to the RFPs (as specified in our Responses) [that] do exist, the Defendant has not provided them to us and we have now concluded that he will not provide them." ECF No. 92-1, Noyola Decl., ¶ 4; ECF No. 92-3, Ex. B at 2. In Defendant's opposition brief, without explanation, Defendant's counsel now backtrack, indicating they "cannot themselves state whether any such additional documents exist," that they've advised their client to produce whatever exists, and that they do not expect he will provide them with anything more. ECF No. 94 at 9.

The sought-after documents exist, as the above record makes clear. By way of specific example, as to Request Nos. 13, 28, and 29, Defendant has agreements and relationships with advertising brokers for Defendant's websites. In the normal course of operations, including during the pendency of this litigation, Defendant therefore should have related data, reports, analytics, payment information, and/or communications. This information is all necessary for the appearance of the ads and payments. Agreements that Defendant produced even refer to the existence of documents.[3]

---

[3] If disputed, Plaintiffs can submit documents for *in camera* review as necessary.

Defendant should be ordered to produce these responsive documents, regardless of whether he has them on his computer, in his email, in his online accounts, or otherwise.

### B. Other Responsive Documents

Defendant is also improperly withholding documents responsive to Plaintiffs' Request for Production Nos. 35 and 36 that are in his possession, custody, or control. As the Fourth Circuit recognized, and as Plaintiffs accurately portrayed in their motion, Defendant's websites are "among the most popular websites of any kind on the Internet," attracting over 300 million visitors from around the world. *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 349 (4th Cir. 2020). This is not just "Plaintiffs' allegations"—per the Fourth Circuit, "[a]ccording to Kurbanov's own data, between October 2017 and September 2018, the Websites attracted well over 300 million visitors from over 200 distinct countries around the world." *Id.* Defendant's counsel argues that Defendant has indicated he has no responsive documents, but that assertion is implausible, to say the least. Given the difficulties Defendant's counsel is having in securing documents from Defendant, along with the high likelihood that there are user communications, Defendant should be ordered to produce the documents. Defendant should be ordered to produce other responsive documents in his possession, custody, or control.

With Request No. 38, Defendant has represented to the Court that he has produced certain "articles" in prior filings and that he has no additional documents in his possession, custody, or control as to documents substantiating his allegations that his websites are capable of, or are actually used for, significant or substantial non-infringing uses. ECF No. 94 at 4. Defendant will be held to that representation. The Court does not need to address this request.

### C. Defendant Must Produce Unredacted Documents

Defendant's attempt to justify his improper redactions is untenable. Defendant monetizes his websites through advertising and advertising brokers. When producing his related agreements and insertion orders, in response to Request Nos. 26 and 27, Defendant redacted "the names of the individuals who signed the agreements and the banking information[.]" ECF No. 94 at 5. Defendant concealed that information only because he does not want Plaintiffs to obtain core information concerning who else is involved and the money trail concerning payments from advertising.

There is a protective order in place in this lawsuit for the purpose of protecting confidential and sensitive information. Defendant fails to argue that the protective order is insufficient to protect the information that he has redacted. Defendant notes that he objected to the requests on the basis of burden. But that is of course illogical because he produced the documents and it took more effort to redact them than to produce them unredacted.

Defendant argues that the redactions are justified because he "has never claimed that anyone other than himself is responsible"—but that misses the boat. Others may be involved, regardless of what Defendant claims about "who is responsible." Plaintiffs are entitled to learn who may have information relevant to their claims, and even potential liability. Plaintiffs are also entitled to ascertain the revenues from Defendant's activities, the movement of such funds, and where they reside now. This is all relevant to liability, damages, and the Court's ability to provide a meaningful remedy.

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel Production of Documents.

Respectfully submitted,

Dated June 3, 2021 /s/ Scott A. Zebrak
Scott A. Zebrak (VSB No. 38729)
Matthew J. Oppenheim (*pro hac vice*)
Lucy Grace D. Noyola (*pro hac vice*)
Kellyn M. Goler (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20015
Tel: (202) 480-2999
Fax: (866) 766-1678
scott@oandzlaw.com
matt@oandzlaw.com
lucy@oandzlaw.com
kellyn@oandzlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2021, I electronically filed the foregoing with the Clerk using the CM/ECF system, which will send the document and notification of such filing to counsel of record.

                                        */s/ Scott A. Zebrak*
                                        Scott A. Zebrak