# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UMG RECORDINGS, INC.; CAPITAL RECORDS, LLC; WARNER BROS. RECORDS INC.; ATLANTIC RECORDING CORPORATION; ELEKTRA ENTERTAINMENT GROUP, INC.; FUELED BY RAMEN, LLC; NONESUCH RECORDS INC.; SONY MUSIC ENTERTAINMENT; SONY MUSIC ENTERTAINMENT US LATIN LLC; ARISTA RECORDS LLC; LAFACE RECORDS LLC; and ZOMBA RECORDING LLC, <br><br>      Plaintiffs, <br><br> v. <br><br> TOFIG KURBANOV d/b/a FLVTO.BIZ and 2CONV.COM; <br> And DOES 1-10, <br><br>      Defendants. | **Case No.** <br> **1:18-CV-00957-CMH-TCB** |

**DEFENDANT'S OBJECTIONS TO**
**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Tofig Kurbanov

herein provides his objections to Plaintiffs' First Set of Requests for Production of Documents

and Things.  Defendant notes that Plaintiffs' Requests contain Instructions and Definitions that

seek to impose obligations on Defendant greater than those required by the federal or local rules.

To that extent, Defendant objects to the Instructions and Definitions and states that all objections,

responses, and the production of documents or things shall be pursuant to the federal and local

rules.

**REQUEST NO. 1:**

A copy of each sound recording copied by Defendant's Websites to computer servers that You own, control, or have access to through any contract, subscription, or other agreement.

**OBJECTION**:　　　Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:　　　Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 2:**

Documents sufficient to identify each sound recording that Defendant's Websites converted from a video stream from a Source Site into a downloadable audio file, including the track title, the recording artist, identifying information for the video stream from the Source Site, the URL of the video stream from which Defendant's Websites extracted the audio file, the URL of the downloadable audio file, and the date and time that Defendant's Websites created the audio file.

**OBJECTION**:　　　Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent

that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

   **RESPONSE**:   Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 3:**

   All documents concerning the processes, procedures, techniques, or mechanisms by which Defendant's Websites currently or formerly converts video streams from Source Sites into downloadable audio files, including any guides, presentations, specifications, or diagrams.

   **OBJECTION**:   Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

   **RESPONSE**:   Defendant will produce the relevant source code in response to this request.  Defendant also refers Plaintiffs to youtube-dl.org, where the relevant open source code is located.

**REQUEST NO. 4:**

   Software source code (including scripts, configuration files, and any other ancillary files) for the processes, procedures, techniques, or mechanisms by which Defendant's Websites currently or formerly converts the sound recording from a video stream from a Source Site into a downloadable audio file.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce the relevant source in response to this request.  Defendant also refers Plaintiffs to youtube-dl.org, where the relevant open source code is located.

**REQUEST NO. 5:**

Documents sufficient to identify each sound recording that Users downloaded within the United States using Defendant's Websites, including the track title, the recording artist, identifying information for the video stream from the Source Site, the URL of the video from which Defendant's Websites extracted the audio file, the date and time of the download, and the geographic location (i.e., state) of the User.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 6:**

All server logs or other documents showing the video streams from any Source Site converted into downloadable audio files using Defendant's Websites and any subsequent storage, copying, distribution or other use of the audio files.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 7:**

For each sound recording that Defendant's Websites converted from a video stream from a Source Site into a downloadable audio file, all documents concerning each subsequent use, copying, storage, distribution, or other disposition of the audio file, including the date and time of download of the audio file and the geographic location (i.e., state) of the User.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**: Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 8:**

For each sound recording that Defendant's Websites converted from a video stream from a Source Site into a downloadable audio file, software source code (including scripts, configuration files, and any other ancillary files) for the processes, procedures, techniques, or mechanisms by which Defendant's Websites copied and stored the downloadable audio file to computer servers that You own, control, or have access to through any contract, subscription, or other agreement.

**OBJECTION**: Defendant objects to this Discovery Request as overbroad and unduly burdensome. Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.

**RESPONSE**: Defendant will produce the relevant source code in response to this request. Defendant also refers Plaintiffs to youtube-dl.org, where the relevant open source code is located.

**REQUEST NO. 9:**

Documents sufficient to identify each sound recording that Defendant's Websites copied to computer servers that You own, control, or have access to through any contract, subscription, or other agreement, including the track title, the recording artist, identifying information for the video stream from the Source Site, the URL of the video from which Defendant's Websites

extracted the audio file, the date and time that Defendant's Websites copied the sound recording, and the IP address and the geographic location of each computer server from which Defendant's Websites acted in the process.

**OBJECTION**:       Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:       Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 10:**

All documents concerning any process, procedure, technique, or mechanism Defendant's Websites implemented to avoid, bypass, remove, deactivate, impair, or otherwise circumvent technological measures, including YouTube's rolling cipher, that control access to or copying of sound recordings embedded within video streams from Source Sites.

**OBJECTION**:       Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Defendant objects to the underlying premise of this Discovery Request to the extent that it assumes that Defendant utilized any "process, procedure, technique, or mechanism

to avoid, bypass, remove, deactivate, impair, or otherwise circumvent technological measures, including YouTube's rolling cipher, that control access to or copying of sound recordings embedded within video streams from Source Sites," which Defendant denies. The production of any documents in response to this Discovery Request shall not be considered an admission of the underlying assumptions of this request.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Given that Defendant does not believe his Websites circumvent anything, Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 11:**

 All documents, including any communications, concerning technological measures, including YouTube's rolling cipher, that prevent access to or copying of sound recordings embedded within video streams from Source Sites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Given that Defendant does not believe his Websites circumvent anything, Defendant has no responsive documents or things in his care, custody, or control. Defendant is aware, though, of various articles that state that youtube-dl does not circumvent technological measures, some of which are attached to Defendant's Answer.

**REQUEST NO. 12:**

All documents showing, on a yearly and monthly basis, the frequency of converting video streams from a Source Site into downloadable audio files using Defendant's Websites, including lists of the most frequently converted music video streams.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 13:**

Documents sufficient to show, on a yearly basis, the number of Users of Defendant's Websites in the United States, and the number of visits to Defendant's Websites by those Users.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce responsive documents in his care, custody, or control.

**REQUEST NO. 14:**

All documents concerning the Terms of Service or Terms of Use of Source Sites, including any communications relating thereto.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.   Defendant objects to this Discovery Request to the extent that it seeks the production of information publicly available.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant will produce its Terms of Service.

**REQUEST NO. 15:**

All communications between You and any Source Site, including any cease-and-desist correspondence, and all documents concerning such communications.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 16:**

Screenshots sufficient to show the User experience with Defendant's Websites, past and present, including displays asking or instructing the user to convert video streams from Source Sites and to download an audio file converted from those video streams or displays referring to or depicting any recording artist or sound recording displayed on Defendant's Websites, past or

present.

**OBJECTION**:         Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.

**RESPONSE**:         Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 17:**

 All documents concerning any technological means or mechanisms You considered or implemented to address, prevent, or remedy copyright infringement in connection with Defendant's Websites.

**OBJECTION**:         Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:         Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 18:**

All documents or communications concerning the Digital Millennium Copyright Act ("DMCA") or alleged copyright infringement in connection with Defendant's Websites, including all communications concerning infringement notices.

**OBJECTION**:      Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:      Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 19:**

Documents sufficient to identify each infringement notice You have received alleging infringement of one or more copyrighted sound recordings in connection with Defendant's Websites, including the date of the infringement notice, the sound recording(s) allegedly infringed, the website recipient, and the rights holder on behalf of whom the infringement notice was sent.

**OBJECTION**:      Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:      Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 20:**

Documents sufficient to identify Your response or determination as to each infringement notice You have received alleging infringement of one or more copyrighted sound recordings in connection with Defendant's Websites, including any termination or blocking of a User's use of the Defendant's Websites and Your treatment of sound recordings identified in infringement

notices.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 21:**

All documents concerning Plaintiffs, Plaintiffs' copyright interests, or potential claims by Plaintiffs against You.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 22:**

All documents, including any communications, concerning copyright or the legality of Defendant's Websites, converting video streams from Source Sites into downloadable audio files, or stream ripping.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:       Defendant refers to the articles attached to its Answer.  Defendant states further that, although it assumes that there are additional articles and studies that conclude that youtube-dl is non-infringing, Defendant has no obligation to search the internet for such documents.

**REQUEST NO. 23:**

All documents concerning this lawsuit.

**OBJECTION**:       Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.

**RESPONSE**:       Defendant does not know what Plaintiffs mean by this request.  All of the documents being produced could be said to "concern" this lawsuit.

**REQUEST NO. 24:**

All documents, including any reports, plans, studies, surveys, research, analytics, presentations, analysis, or communications, concerning the use, copying, or distribution of sound recordings in the United States in connection with Defendant's Websites.

**OBJECTION**:       Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent

that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 25:**

All agreements You have entered into for services received in connection with Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce those documents or things in his care, custody, or control.

**REQUEST NO. 26:**

All agreements You have entered into for advertising displayed on Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant will produce those documents or things in his care, custody, or control.

**REQUEST NO. 27:**

 All agreements You have entered into with advertising brokers.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant will produce those documents or things in his care, custody, or control.

**REQUEST NO. 28:**

All documents concerning any data, reports, logs, or other information from current or former advertising brokers for Defendant's Websites, including concerning the identity or location of the broker and payments from the broker.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 29:**

All documents concerning any agreements, communications, data, or payments relating to AdsTerra, Propeller Ads, MGID, AdSupply, Advertise.com, Adcash, Taboola, DoubleClick, RevContent, AddThis, Mycdn, Clksite, Mybestmv, Pushnice, or Google.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce those documents or things in his care, custody, or control.

**REQUEST NO. 30:**

All documents concerning the use of location-specific advertising to Users in the United States in connection with Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 31:**

All documents concerning the use of data associated with Users, including for location specific or interest-based advertising, in the United States in connection with Defendant's Websites.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 32:**

All consumer research materials, reports, plans, data, surveys, analytics, and studies concerning the use or potential use of Defendant's Websites for stream ripping or downloading or obtaining audio files.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent

that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 33:**

All marketing, advertising, promotional, and explanatory materials, including on social media platforms, concerning stream ripping or downloading or obtaining audio files using Defendant's Websites.

**OBJECTION**:  Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 34:**

All documents concerning Your user acquisition efforts, including the identity of the keywords or Google AdWords You have bid on or purchased to display ads for Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 35:**

All communications with Users concerning copyright or the legality of Defendant's Websites, converting video streams from Source Sites into downloadable audio files, or stream ripping.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 36:**

All communications with Users concerning the use of Defendant's Websites for stream ripping, converting video streams from Source Sites into downloadable audio files, or downloading or obtaining audio files.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects inasmuch as this request is not reasonably calculated to lead to the discovery of admissible information.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise

exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 37:**

All documents concerning any alleged non-infringing uses of Defendant's Websites or uses of Defendant's Websites to convert video streams of non-copyrighted content from Source Sites into downloadable audio files.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit. Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 38:**

All documents substantiating allegations that: (a) professors or students use Defendant's Websites to download the audio portions of lectures for later reference and playback; (b) bands use Defendant's Websites to download the audio tracks from their live performances that they have captured on video; or (c) parents use Defendant's Websites to download the audio portion of a school concert that they recorded.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Defendant objects to this inquiry to the extent that it could be read to impose an obligation on Defendant to conduct independent research for Plaintiffs' benefit.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has previously attached to its court filings some documents that discuss the use of stream-ripping websites and references those articles here. Defendants state further that it believes that additional articles exist, which Plaintiffs could easily find, concerning the legitimate non-infringing uses of stream-ripping websites.

**REQUEST NO. 39:**

All documents concerning any policy applicable to Users, including a copy of each version of the Terms of Use and privacy policies for Defendant's Websites, any repeat infringer policy, and any documents that describe the implementation of such policies.

**OBJECTION**:          No objection.

**RESPONSE**:          Defendant will produce those responsive documents in his care, custody, or control.

**REQUEST NO. 40:**

All documents concerning any business plan or strategy for monetizing, marketing, operating, or growing Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that

it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.

**RESPONSE**:         Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 41:**

All documents constituting or concerning communications or presentations with, to, or from any banks, lenders, venture capitalists, investors, or potential investors, or other persons or entities that have provided or been requested to provide any capital, funds, or financing concerning Defendant's Websites.

**OBJECTION**:         Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.

**RESPONSE**:         Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 42:**

All documents concerning any appraisal or valuation of Defendant's Websites.

**OBJECTION**:         Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that

it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 43:**

Documents sufficient to show Your total and average revenues, costs, and profits, by year and quarter, in connection with Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce those responsive documents or things in his care, custody, or control.

**REQUEST NO. 44:**

Documents sufficient to identify all sources of revenue for Defendant's Websites.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist

or which are not within the Defendant's care, custody, or control. Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant will produce advertising contracts, which represent the sole revenue source for the Websites.

**REQUEST NO. 45:**

Documents sufficient to show Your potential, projected, forecasted, or budgeted revenues, costs, and profits for Defendant's Websites.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:        Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 46:**

Organizational charts or other documents sufficient to show the organizational structure for Defendant's Websites, past and present, including departments, job titles, and job occupants.

**OBJECTION**:        Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist

or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 47:**

Documents sufficient to show the corporate structure for Defendant's Websites, past and present, including the formation and status as a legal entity and the identity of each of their owners and affiliates.

**OBJECTION**:          Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Defendant objects to this Discovery Request as not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to this request to the extent that it could be read to require Defendant to create or produce documents that do not otherwise exist or which are not within the Defendant's care, custody, or control.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant has no responsive documents or things in his care, custody, or control.

**REQUEST NO. 48:**

All documents supporting, refuting, or otherwise concerning Your affirmative defenses or any other defenses in this case.

**OBJECTION**:          Defendant objects to this Discovery Request to the extent it seeks information protected from disclosure by the attorney-client privilege and/or attorney and client work product doctrines.  Defendant objects to this Discovery Request as overbroad and unduly burdensome.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce responsive documents if and when

identified and in accordance with the applicable rules.

**REQUEST NO. 49:**

　　All documents identified in responding to any interrogatories or requests for admission

in this lawsuit.

**OBJECTION**:          Defendant objects to this Discovery Request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or attorney and client

work product doctrines.  Defendant objects to this Discovery Request as overbroad and unduly

burdensome.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce responsive documents if and when such

documents are identified and in accordance with the applicable rules.

**REQUEST NO. 50:**

All documents You receive in response to any subpoena You issue in this lawsuit.

**OBJECTION**:          No objection.

**RESPONSE**:          Defendant will produce such documents if and when received.

**REQUEST NO. 51:**

　　All documents that You may use as exhibits in the trial or any hearing in this lawsuit.

**OBJECTION**:          Defendant objects to this Discovery Request to the extent it seeks

information protected from disclosure by the attorney-client privilege and/or attorney and client

work product doctrines.  Defendant objects to this request as being premature inasmuch as

Defendant has not yet determined what documents it intends to use at trial.  Defendant objects to

this request to the extent that it seeks production of documents that Defendant may use at any

hearing inasmuch as there is no obligation under the local or federal rules that such documents be

produced and, in any event, defendant has not determined which documents it may use at hearings.  Defendant objects to this request to the extent that it seeks to impose obligations on Defendant in excess of those imposed by the local or federal rules.  Subject to these objections, Defendant responds as follows.

**RESPONSE**:          Defendant will produce responsive documents if and when such documents are identified and in accordance with the applicable rules.

Dated:  May 7, 2021                              Respectfully submitted,

                                          **TOFIG KURBANOV**

                                          By Counsel

/s/ Jeffrey H. Geiger
Jeffrey H. Geiger (VSB No. 40163)
SANDS ANDERSON PC
1111 E. Main Street, Suite 2400
Bank of America Plaza
P.O. Box 1998 (23218)
Richmond, Virginia 23218-1998
Telephone: (804) 783-7248
jgeiger@sandsanderson.com

/s/ Valentin Gurvits
Valentin D. Gurvits (*pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, Massachusetts 02459
Telephone: 617-928-1804
vgurvits@bostonlawgroup.com

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Evan@CFWLegal.com

/s/ Matthew Shayefar
Matthew Shayefar (*Pro hac vice*)
LAW OFFICE OF MATTHEW SHAYEFAR, PC
925 N La Brea Ave
West Hollywood, California 90038
Telephone: 323-948-8101
matt@shayefar.com

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of May, 2021, the foregoing was sent by electronic

mail to the following:

Scott A. Zebrak, Esquire
Matthew J. Oppenheim, Esquire
Lucy Grace D. Noyola, Esquire
Kellyn M. Goler, Esquire
Oppenheim + Zebrak, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Email: scott@oandzlaw.com
       matt@oandzlaw.com
       lucy@oandzlaw.com
       kellyn@oandzlaw.com
*Counsel for Plaintiffs*

/s/ Evan Fray-Witzer
Evan Fray-Witzer (*pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, Massachusetts 02116
Telephone: 617-426-0000
Evan@CFWLegal.com