UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UMG RECORDINGS, INC., *et al.*,

        *Plaintiffs*,

    v.

KURBANOV, *et al.*,

        *Defendants*.

Case No. 1:18-cv-00957-CMH-TCB

**REPLY MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.     Federal Rule 37 Authorizes the Issuance of Default Judgment as a Sanction for Discovery Order Violations and Failure to Appear for a Party Deposition. ......................................... 2

II.    A Default Judgment Sanction Under Rule 37 Is Appropriate. ........................................... 3

      A.    Defendant Acted in Bad Faith................................................................................. 3

      B.    Defendant's Misconduct Caused Substantial Prejudice to Plaintiffs...................... 5

      C.    Conduct Such as Defendant's Deliberate and Repeated Non-Compliance Should Be Deterred. ............................................................................................................ 7

      D.    Lesser Sanctions Would Not Be Effective............................................................. 8

CONCLUSION......................................................................................................................... 9

i

# INTRODUCTION

Defendant's discovery abuses are severe and warrant a severe sanction. The material facts are clear and undisputed. Defendant refuses to accept the authority of this Court or meet his discovery obligations. Defendant willfully violated two discovery orders. These orders required Defendant to produce responsive documents that concern core issues in the case. Nonetheless, Defendant has deliberately refused to produce any of the documents as ordered by the Court. The Court twice warned Defendant that his non-compliance with the Court's orders could result in entry of a default judgment, and yet he continues not to comply. In addition, Defendant agreed to be deposed, received proper notice of the deposition, and then refused to attend the deposition just days before the noticed date.

Defendant's attempt to soft-pedal the legal significance of the foregoing admitted facts is misguided. First, Defendant's refusal to appear for his deposition is a proper basis for default judgment under Rule 37. In arguing otherwise, Defendant addresses Rule 37(b), which concerns court orders, but ignores Rule 37(d), which concerns depositions. Defendant also overlooks that his willful disregard of this Court's discovery orders alone justifies default judgment.

Second, Defendant attempts to explain away his actions, but there is no excuse for his willful disobedience. Defendant is represented by U.S. counsel, who has repeatedly advised him of his discovery obligations in these proceedings. Defendant knew the consequences of his disobedience yet ignored both the advice of his counsel and the Court's admonishments.

A sanction lesser than default judgment would not be commensurate with the prejudice suffered by Plaintiffs. Defendant suggests that the documents he has withheld relate only to personal jurisdiction and damages, but that assertion is demonstrably false. As discussed in Plaintiffs' opening memorandum, the documents relate to almost every material issue in the case.

1

The same is true for the deposition testimony Defendant refused to provide.  Default judgment is also necessary to deter Defendant and others like Defendant who wish to flaunt discovery orders and the judicial process.  Any sanction short of default judgment would be futile here because Defendant has made clear he has no intention of complying with the Court's orders or cooperating further in the litigation.

Defendant has wrongfully deprived Plaintiffs of key evidence to prove their case.  Defendant has willfully disobeyed this Court's orders and his discovery obligations, including appearing for a deposition.  Default judgment should be entered against Defendant.

## ARGUMENT

I. **Federal Rule 37 Authorizes the Issuance of Default Judgment as a Sanction for Discovery Order Violations and Failure to Appear for a Party Deposition.**

Defendant incorrectly argues that Rule 37 applies only to violations of court orders.  (Opp. at 2).  Under Federal Rule of Civil Procedure 37, the Court may impose default judgment, or any of the other sanctions listed in Rule 37(b)(2)(A)(i)–(vi), for certain discovery abuses.  Whereas Rule 37(b) requires a failure to comply with a discovery order before the Court can impose sanctions, Rule 37(d) does not.  Rule 37(d) expressly authorizes the Court to order sanctions where a "party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

Despite the plain language of the rule and without citation to any legal support, Defendant argues that the Court cannot impose a sanction of default judgment for his failure to appear for his deposition without first issuing an order compelling his appearance.  (Opp. at 2 & n.2, 7.)  However, "Rule 37(d) allows the imposition of sanctions against a party for especially serious disregard of the obligations imposed by the discovery rules even though it has not violated any court order."  8B Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 2291 (3d ed.); *see also Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 302 (3d Cir. 2000) ("[U]nlike subdivision (b) of Rule 37, on its face subdivision (d) does not require the court, prior to imposing sanctions, to have issued an order compelling discovery."); *Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("[N]o motion to compel is required before dismissal under Rule 37(d).").

Defendant has no justification for not appearing for his deposition. He does not dispute being served with proper notice. Defendant made no objection to being deposed (and, in fact, had agreed to, and made arrangements for, the deposition). He simply decided he would not sit for his deposition and provided no reason or explanation for the last-minute cancellation. Defendant's failure to appear for his noticed deposition falls squarely within the scope of sanctionable conduct under Rule 37(d).

## II.     A Default Judgment Sanction Under Rule 37 Is Appropriate.

Plaintiffs' motion makes clear that Plaintiffs seek sanctions for discovery abuses under Federal Rule 37 and the Court need not rely on its inherent authority to impose sanctions. As discussed above, Rule 37(b) authorizes the Court to impose a sanction of default judgment for Defendant's refusal to comply with the Court's discovery orders. Rule 37(d) provides additional support, based on Defendant's refusal to be deposed. Consideration of the four-factor test for Rule 37 strongly supports the issuance of default judgment as a sanction against Defendant.

### A.     Defendant Acted in Bad Faith.

Defendant's willful violations of multiple discovery orders, despite warnings from the Court about the consequences of non-compliance, and his failure to appear for his deposition after agreeing to do so, amount to bad faith. "[B]ad faith includes willful conduct, where the party clearly should have understood his duty to the court but nonetheless deliberately

3

disregarded it." *Axiom Res. Mgmt., Inc. v. Alfotech Sols., LLC*, No. 1:10CV1011 LMB/JFA, 2011 WL 2560096, at *7 (E.D. Va. June 3, 2011), *report and recommendation adopted*, 2011 WL 2559806 (E.D. Va. June 27, 2011) (internal quotation marks omitted); *see also Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (affirming finding that "defendants had acted in bad faith by both their noncompliance and their haphazard compliance of three very specific discovery orders" and stating such evidence demonstrated "a pattern of indifference and disrespect to the authority of the court").

Defendant argues he lacks the requisite bad faith because Russia's judicial system is different than the American system. (Opp. at 5-6.) But, as he acknowledges, this is no excuse for his actions. (*Id.* at 6.)

Defendant does not—and cannot—attest to any inability to understand, or comply with, the Court's orders or his obligations under the Federal Rules of Civil Procedure so that he can avoid a finding of bad faith. Defendant is represented by a team of U.S. lawyers, who has counseled him on navigating the U.S. court system throughout proceedings before this Court and appeals to the Fourth Circuit and the U.S. Supreme Court. His counsel assured Plaintiffs' counsel and the Court that Defendant understood the Court's orders, his discovery obligations, and the "consequences of his behavior." (Ex. 13, at 1; Ex. 14, Hr'g Tr. 28:4-8.) His counsel also represented that Defendant is withholding discovery in defiance of the Court's ruling on personal jurisdiction and that he has no intention of cooperating further in this litigation. (Ex. 2, at 2.) Defendant thus cannot hide behind the differences in the Russian and American judicial systems where the record clearly demonstrates that Defendant has deliberately disregarded multiple discovery orders and his discovery obligations.

**B.      Defendant's Misconduct Caused Substantial Prejudice to Plaintiffs.**

With respect to the documents that are the subject of the Court's discovery orders, Plaintiffs' memorandum details the numerous categories of documents Defendant failed to produce and identifies the various core issues to which they relate. (Mem. at 3-10, 15-16.) Defendant completely ignores the table in Plaintiffs' memorandum (*id*. at 15-16), which summarizes the relationship between the documents withheld by Defendant and the many issues concerning liability and Defendant's asserted defenses that are at the heart of the case. That table shows that, contrary to Defendant's assertions (Opp. at 9), Defendant's non-compliance impacted issues other than personal jurisdiction and damages.

For example, the Court's June 25, 2021 order compelled Defendant to produce web server data and Yandex Metrica data that identifies (a) the YouTube videos being stream-ripped; (b) the MP3 audio files being copied and distributed; and (c) the geographic locations of the users downloading the audio files. This data does more than demonstrate Defendant's contacts with users in Virginia and the United States for purposes of personal jurisdiction. It is also relevant to establishing Defendant's liability for copyright infringement and circumvention of YouTube's technological measures for controlling access to and protecting copyrighted works, as well as refuting Defendant's claim that Defendant's Websites have substantial non-infringing uses.

Similarly, the issues implicated by many of the remaining documents withheld by Defendant are not limited to Defendant's profits and revenues in connection with Defendant's Websites, as Defendant contends. (Opp. at 9.) All the withheld documents that pertain to damages also pertain to at least one element of Plaintiffs' claims of copyright infringement and violation of 17 U.S.C. § 1201. (*See* Mem. at 15-16.) For example, Defendant's communications with users of Defendant's Websites, including those concerning copyright law and infringement,

5

relate to Defendant's knowledge of infringing activity on Defendant's Websites, which is an element of Plaintiffs' claims of contributory and willful infringement and a consideration for statutory damages. Likewise, Defendant's agreements with, and payments from, advertising services or brokers are evidence not only of Defendant's financial benefit from the infringement, which is an element of Plaintiffs' claim of vicarious infringement, but also of individuals acting in concert with Defendant, which is relevant to injunctive relief.

Defendant's contention that his failure to appear for his deposition caused no actual prejudice to Plaintiffs is absurd. (Opp. at 8.) Defendant does not dispute his central role in this case, his access to information that is central to the legal claims in this case, or the long list of issues identified in Plaintiffs' opening memorandum of which his testimony would have been probative. (*See* Mem. at 16-17). There is no real dispute that Defendant's baseless refusal to sit for his deposition was highly prejudicial.

Defendant contends that he "most likely" would have invoked the privilege of the Fifth Amendment had he appeared for his deposition, (Opp. at 8), but that is speculative. Defendant does not know the extent to which Plaintiffs would have been able to elicit substantive testimony. Plaintiffs have ample topics to explore with Defendant, including the substantive answers he provided to many of Plaintiffs' interrogatories and the statements he made in his declarations. Indeed, the very fact that Defendant originally agreed to sit for his deposition belies the notion that he would not have provided any substantive testimony.

The claim that Defendant had no legal obligation to appear for his deposition is also without merit. As a party in the litigation, Defendant was obligated to sit for his deposition under Federal Rule of Civil Procedure 30(a)(1). Counsel for the parties met by videoconference and had several email exchanges in which Defendant's counsel confirmed Defendant's

agreement to be deposed, the method of deposition (by video), and dates for his deposition. (Goler Decl. ¶¶ 29-30.)  At no time did Defendant raise any concerns about Russian law.  It is only now, with a pending motion for case-terminating sanctions, that Defendant raises the issue for the first time.  If Defendant truly believed his deposition was objectionable, he should have raised the issue with Plaintiffs' counsel and filed a motion for a protective order.  *See* Fed. R. Civ. P. 37(d)(2).  Defendant did not do so, so his failure to appear for his deposition is "not excused."  *Id.*[1]

### C. Conduct Such as Defendant's Deliberate and Repeated Non-Compliance Should Be Deterred.

Defendant does not expressly dispute the need for deterrence and the long line of cases approving the issuance of case-terminating sanctions under Rule 37 to deter others from deliberately disregarding Court orders and undermining the judicial system.  (*See* Mem. at 18-19.)  A strong sanction is necessary to deter others who, like Defendant, have consistently shown flagrant disobedience of the Court's orders and their discovery obligations.  Indeed, Defendant demonstrated his low regard for the judicial process by stating that his misconduct has only "inconvenienced" the Court, while completely ignoring that his actions have effectively shut down the prosecution of this litigation.  (*See* Opp. at 11.)

---

[1] Defendant's belated challenge to his deposition is a red herring.  Even if Russian law prohibited a deposition *in Russia*, Defendant would not have been relieved of his obligation to be deposed *in another location*.  The case cited by Defendant, *United States SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, 2020 WL 4034733 (S.D.N.Y. July 17, 2020), is illustrative.  In that case, the court ordered the Russian defendant to appear for his deposition in New York.  *Id.* at *4.  Defendant further contends—without a supporting declaration—that he cannot be deposed in the United States due to issues with obtaining a visa and COVID-19.  (Opp. at 8 n.5.)  But the court in *Collector's Coffee* addressed those concerns by ordering the video deposition of the defendant in two alternate locations close to Russia.  *United States SEC v. Collector's Coffee Inc.*, No. 19 Civ. 4355, ECF No. 517, Order at 1-2 (S.D.N.Y. Aug. 10, 2020) (attached as Exhibit A).

7

Defendant's only argument under this factor is that lesser sanctions may also be effective as deterrents. (Opp. at 10.) That argument is addressed in the next section.

### D. Lesser Sanctions Would Not Be Effective.

This factor considers not the availability of lesser sanctions, as Defendant contends (Opp. at 10), but "whether less drastic sanctions would have been effective." *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). No sanction short of default judgment can accomplish deterrence or remedy the prejudice suffered by Plaintiffs.

First, Defendant argues that adverse inferences or limiting his ability to maintain certain defenses or present evidence will have a punitive and deterrent effect. (Opp. at 10.) For example, Defendant suggests as sanctions for his failure to produce server logs that the jury be instructed that the users of Defendant's Websites downloaded Plaintiffs' copyrighted works or that he be precluded from contesting personal jurisdiction. (*Id.*) But Defendant would have lost on those issues anyway had he produced the requested information—otherwise he would not have withheld the information. Moreover, without default judgment, Defendant comes out ahead by wrongfully withholding the server logs. The logs would reveal not just the identity of each unique work illegally stream-ripped and downloaded and each user's geographic location, but also the volume of that illegal activity and its critical importance to Defendant's revenues. That evidence—absent because of Defendant's misconduct—is relevant to liability, willfulness, and damages. Lesser sanctions thus would not punish Defendant and would not deter a future party from engaging in the same contumacious discovery abuses.

Second, lesser sanctions would have little effect given that Defendant "has made clear that he does not intend to cooperate further with the present litigation or counsel's attempts to mount an effective defense on his behalf." (Ex. 2, at 2.) It is notable that even as he faces

8

potential sanctions and suggests lesser sanctions, Defendant has not indicated that he has changed his mind and now plans to cooperate in the litigation.

Third, lesser sanctions would not be commensurate with the prejudice suffered by Plaintiffs. Contrary to Defendant's arguments, the documents and information that Defendant has wrongfully withheld do not relate to a few discrete issues. As explained above and in Plaintiffs' memorandum (Mem. at 15-16), Defendant's refusal to comply with the Court's discovery orders and to appear for his deposition has infected almost all issues in the case. Only a default judgment would address the substantial prejudice suffered by Plaintiffs.

## **CONCLUSION**

For the reasons discussed above and in Plaintiffs' memorandum, Plaintiffs respectfully request that the Court grant the motion, issue an order entering a default judgment against Defendant, and set a briefing schedule on damages, a permanent injunction, and attorneys' fees.

Respectfully submitted,

Dated August 24, 2021

*/s/ Scott A. Zebrak*
Scott A. Zebrak (VSB No. 38729)
Matthew J. Oppenheim (*pro hac vice*)
Lucy Grace D. Noyola (*pro hac vice*)
Kellyn M. Goler (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, 5th Floor
Washington, DC 20016
Tel: (202) 480-2999
Fax: (866) 766-1678
scott@oandzlaw.com
matt@oandzlaw.com
lucy@oandzlaw.com
kellyn@oandzlaw.com

*Attorneys for Plaintiffs*