UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-957 (CMH/TCB) |
| ) | |
| TOFIG KURBANOV, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned on UMG Recordings, Inc., Capitol Records, LLC, Warner Records Inc., Atlantic Recording Corporation, Elektra Entertainment Group Inc., Fueled by Ramen LLC, Nonesuch Records Inc., Sony Music Entertainment, Sony Music Entertainment US Latin LLC, Artista Records LLC, Laface Records LLC, and Zomba Recording LLC's ("Plaintiffs") Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 37 and accompanying memorandum in support. (Dkt. 119, 120.)[1] For the reasons stated below, the undersigned recommends that the Court grant Plaintiffs' motion for sanctions.

---

[1] The relevant filings before the undersigned include Plaintiffs' Complaint ("Compl.") (Dkt. 1); Plaintiffs' first Motion to Compel (Dkt. 91) and the Court's Order granting that motion (Dkt. 97); Plaintiffs' second Motion to Compel (Dkt. 98) and the Court's Order granting that motion (Dkt. 105); Plaintiffs' Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 37 (Dkt. 119) and accompanying memorandum (Dkt. 120); Defendant's Opposition to Plaintiffs' Motion for Default Judgment Pursuant to Rule 37 (Dkt. 123); and Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 37 (Dkt. 124).

1

A.    **Procedural Posture**

Plaintiffs filed their Complaint on August 3, 2018 under the Copyright Act of 1976 ("Copyright Act") bringing specific claims for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, inducement of copyright infringement, and circumvention of technological measures against Defendant. (*See* Dkt. 1.) Plaintiffs sought a declaration that Defendants willfully infringed Plaintiffs' copyrights, equitable relief preventing further infringement, statutory or, alternatively, actual damages, Plaintiffs' costs and attorneys' fees, pre-judgment and post-judgment interest, and other relief deemed proper.[2] (*See* Dkt. 1.)

Plaintiffs filed their first Motion to Compel on May 26, 2021, seeking documents that Defendant "initially agreed to produce but is now withholding," that Defendant claimed do not exist, and properly unredacted documents. (Dkt. 91, 92.) The Court granted this motion, ordered Defendant to produce the requested discovery by June 11, 2021, and warned Defendant that failure to comply with the order could result in sanctions, including default judgment. (Dkt. 97.)

Plaintiffs filed their second Motion to Compel on June 16, moving to compel Defendant to preserve and produce web service data. (Dkt. 98, 99.) Defendant failed to meet the June 11 deadline and Plaintiffs filed a status update on June 18 notifying the Court of this failure. (Dkt. 101.) After a hearing, the Court granted the Plaintiffs' second Motion to Compel, reiterating that Defendant's continued failure to comply could result in default judgment sanctions. (Dkts. 105, 106.) Defendant objected to the Magistrate Judge's Ruling or Recommendation, but the Honorable Claude M. Hilton affirmed the ruling on the second Motion to Compel. (Dkts. 107, 113.)

---

[2] Plaintiff's Complaint names both Defendant Kurbanov and "Does 1-10;" however the instant Motion for Default Judgment and this Report and Recommendation only involves Defendant Kurbanov and not "Does 1-10."

Defendant's counsel moved to withdraw as attorney on July 23, 2021 and stated that his uncooperative and uncommunicative client maintained a "firm conviction that he is not subject to personal jurisdiction in this Court." (Dkts. 114, 115 at 2.) Counsel also stated that Defendant would not attend his deposition, scheduled for July 28 and 29. (Dkt. 115 at 2.) The Court denied this motion and suspended the final pretrial conference pending Plaintiffs' forthcoming motion for sanctions. (Dkt. 118.)

Plaintiffs filed their Motion for Default Judgment as to Defendant Tofig Kurbanov Pursuant to Federal Rule of Civil Procedure 37 on August 4, 2021 for failure to comply with the discovery orders and to attend his deposition. (Dkt. 119.) Defendant has not fulfilled these discovery obligations and the undersigned granted the instant motion for sanctions at the August 27, 2021 hearing. (Dkt. 125.)

**B.     Analysis**

When a party fails to obey an order to provide discovery, the court may issue further sanctions pursuant to Federal Rule of Civil Procedure 37. *See* Fed. R. Civ. P. 37(b)(2)(A). Sanctions provided for under this rule include, among other things, "directing that the matters embraced in the order or other designated fact be taken as established," prohibiting the noncompliant party from opposing designated claims or defenses, striking the pleadings, dismissing the action, and "rendering a default judgment against the disobedient party." *Id.*

District courts have "wide discretion to impose sanctions for a party's failure to comply with discovery orders. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). But, when the sanction in question is default judgment, the court's "range of discretion is more narrow" because the court must balance its interest in enforcing its discovery

orders with the party's rights to a trial by jury. *Id.* (internal citations omitted). Moreover, when a court seeks to impose default judgment as a discovery sanction, it must consider: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.* (citing *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1997)). The undersigned will address each factor in turn.

*First*, Defendant acted in bad faith in failing to comply with the Court's two orders requiring him to respond to Plaintiffs' discovery requests fully and completely and by refusing to attend his scheduled deposition. In spite of the Court's orders, which advised Defendant of the possibility of default judgment sanctions, Defendant repeatedly objected to Plaintiffs' reasonable discovery requests to produce documents and data. Defendant after refused to attend his scheduled deposition, giving mere days notice of his planned absence. Further, Defendant continues to insist that he is not subject to the personal jurisdiction of this Court, even after the Fourth Circuit and this Court found otherwise. Defendant has therefore clearly demonstrated "a pattern of indifference and disrespect to the authority of the court" that supports a finding of bad faith. *Mutual Fed. Savings and Loan Ass'n*, 872 F.2d at 93.

*Second*, Defendant's failure to produce the ordered discovery and appear for his deposition substantially prejudices Plaintiffs' ability to litigate this case. Defendant's minimal disclosures renders Plaintiffs unable to determine "central claims and defenses" of the case, including but not limited to: (1) "the scope and extent of infringement and illegal activities on Defendant's Websites," (2) personal jurisdiction, (3) damages, (4) "Defendant's claim of noninfringing uses of his Website," (5) "Defendant's knowledge of infringing uses," (6)

4

"individuals acting in concert with Defendant[,]" (7) "Defendant's financial benefit from the infringing and unlawful uses," and (8) "Defendant's affirmative and other defenses[.]" (Pl's. Mot. at 15-16.)

*Third*, there is a clear need to deter Defendant's behavior in this case. Despite being ordered to fully produce documents and web server data, Defendant failed to comply with this Court's orders. (*See* dkts. 97, 105.) The undersigned specifically warned Defendant that a failure to obey these orders would subject him to default judgment sanctions under Federal Rule of Civil Procedure 37. (*See* dkts. 97, 105, 106.) Nevertheless, Defendant failed to comply with this Court's orders to fully and completely respond to Plaintiffs' discovery requests and to participate in his scheduled deposition. Defendant further insists that he is not subject to the Court's jurisdiction and has not indicated any intention to cooperate. Therefore, deterrence is necessary.

*Fourth*, a less drastic sanction is unlikely to salvage this case. Plaintiffs are unable to fairly move forward with this case without discovery. It is unclear what other sanction could make Defendant comply with this Court's orders, which he has neglected on two separate occasions. (*See* dkts. 97, 105.) Further, Defendant insists that he is not subject to the personal jurisdiction of this Court and has not indicated any future cooperation. (See dkt. 115.)

Accordingly, the undersigned recommends that default be entered against Defendant pursuant to Federal Rule of Civil Procedure 37.

### C.  Recommendation

For the reasons outlined above, the undersigned recommends that the Court enter default against Defendant Tofig Kurbanov.

**D.    Notice**

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

                                                      /s/
                               THERESA CARROLL BUCHANAN
                               UNITED STATES MAGISTRATE JUDGE

September 15, 2021.
Alexandria, Virginia