UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UMG RECORDINGS, INC., CAPITOL RECORDS, LLC, WARNER RECORDS INC., ATLANTIC RECORDING CORPORATION, ELEKTRA ENTERTAINMENT GROUP INC., FUELED BY RAMEN LLC, NONESUCH RECORDS INC., SONY MUSIC ENTERTAINMENT, SONY MUSIC ENTERTAINMENT US LATIN LLC, ARISTA RECORDS LLC, LAFACE RECORDS LLC, and ZOMBA RECORDING LLC,<br><br>        *Plaintiffs*,<br><br>        v.<br><br>TOFIG KURBANOV and DOES 1–10, d/b/a FLVTO.BIZ and 2CONV.COM,<br><br>        *Defendants*. | Case No. 1:18-cv-00957-CMH-TCB |

**[PROPOSED] ORDER ON FINAL JUDGMENT, PERMANENT INJUNCTION, DAMAGES, AND ATTORNEYS' FEES AND COSTS**

THIS COURT, having entered default judgment against Defendant Tofig Kurbanov ("Defendant") as a sanction pursuant to Federal Rule of Civil Procedure 37 for Defendant's failure to comply with the Court's discovery orders and his discovery obligations (ECF No. 129) and having reviewed and considered Plaintiffs' Memorandum in Support of Their Request for Damages, a Permanent Injunction, and Attorneys' Fees and Costs, filed on October 5, 2021, as well as the opposition, reply, the entire record herein, and any oral argument, finds good cause to GRANT the requested remedies and to enter final judgment as to all claims by Plaintiffs against Defendant for willful direct copyright infringement, contributory copyright infringement,

1

vicarious copyright infringement, and inducement of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and for willful circumvention of technological measures under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, *et seq*.

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. For purposes of this Order, "Infringing Sites" refers to www.flvto.biz and www.2conv.com, and any variant or successor thereof owned or controlled by Defendant, including any and all related and underlying databases, software, computers, computer servers, hardware, applications, and/or systems. "Plaintiffs' Copyrighted Works" refers to any of the copyrighted works, whether now in existence or later created, that are owned or exclusively controlled by any of Plaintiffs, or their parents, subsidiaries, or affiliates. "YouTube" refers to the website, and any related software, computers, computer servers, hardware, applications, and/or systems, that makes up or supports www.youtube.com (or "youtube" followed by any other top-level domain extensions).

2. In accordance with Federal Rule of Civil Procedure 65(d) and the Copyright Act, Defendant, and his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them who receive actual notice of this Order, are permanently enjoined from directly or indirectly infringing in any manner any and all of Plaintiffs' Copyrighted Works, including, without limitation, by engaging in any of the following activities:

    a. Copying, reproducing, downloading, distributing, uploading, publicly performing, or otherwise exploiting any and all of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization; or

    b. Encouraging, soliciting, inducing, enabling, permitting, facilitating, or assisting others to copy, reproduce, download, distribute, upload, publicly

perform, or otherwise exploit any and all of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization.

3. In accordance with Federal Rule of Civil Procedure 65(d) and the Digital Millennium Copyright Act, Defendant, and his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with him who receive actual notice of this Order, are permanently enjoined from directly or indirectly circumventing any and all technological measures, including, but not limited to, YouTube's "rolling cipher," that effectively control access to or protect a right of any Plaintiff in any and all of Plaintiffs' Copyrighted Works, including, without limitation, by engaging in any of the following activities:

    a. Circumventing a technological measure that effectively controls access to any and all of Plaintiffs' Copyrighted Works;

    b. Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that (A) is primarily designed or produced for the purpose of circumventing a technological measure that effectively controls access to any and all of Plaintiffs' Copyrighted Works; (B) has only limited commercially significant purpose or use other than to circumvent a technological measure that effectively controls access to any and all of Plaintiffs' Copyrighted Works; or (C) is marketed by Defendant or another person acting in concert with Defendant with Defendant's knowledge for use in circumventing a technological measure that effectively controls access to any and all of Plaintiffs' Copyrighted Works;

  c. Manufacturing, importing, offering to the public, providing, or otherwise trafficking in any technology, product, service, device, component, or part thereof, that (A) is primarily designed or produced for the purpose of circumventing protection afforded by a technological measure that effectively protects a right of any Plaintiff in any and all of Plaintiffs' Copyrighted Works; (B) has only limited commercially significant purpose or use other than to circumvent protection afforded by a technological measure that effectively protects a right of any Plaintiff in any and all of Plaintiffs' Copyrighted Works; or (C) is marketed by Defendant or another person acting in concert with Defendant with Defendant's knowledge for use in circumventing protection afforded by a technological measure that effectively protects a right of any Plaintiff in any and all of Plaintiffs' Copyrighted Works;

  d. Using or accessing YouTube, or any streaming website that has implemented any technological measure that effectively controls access to or protects a right of any Plaintiff in any and all of Plaintiffs' Copyrighted Works, to copy, reproduce, download, distribute, upload, publicly perform, or otherwise exploit any and all of Plaintiffs' Copyrighted Works without Plaintiffs' express written authorization; or

  e. Encouraging, soliciting, inducing, enabling, permitting, facilitating, or assisting others to engage in the activities described above in paragraphs 3(a)-(d).

4. If necessary to comply completely and strictly with the terms of Paragraphs 2 and 3, Defendant, and his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with him who receive actual notice of this Order, shall cease all operation of, or all assistance in or support of the operation of, the Infringing Sites.

5. Within ten (10) business days following entry of this Order, Defendant, and his officers, agents, servants, employees, and attorneys, and all those in active concert or participation with him who receive actual notice of this Order, shall transfer ownership and control of the domain names of all Infringing Sites to Plaintiffs, or to the registrar of Plaintiffs' choosing, or, at Plaintiffs' direction, release such domain names.

6. If Defendant fails to comply with Paragraph 5, within five (5) business days following receipt of this Order, any and all applicable registrars and registries for the domains of the Infringing Sites ("Infringing Domains") shall assist in changing the registrars of record for the Infringing Domains to a holding account in Plaintiffs' custody or control with the registrar of Plaintiffs' choosing ("New Registrar"). To the extent any registrar does not assist in changing the registrar of record for any of the Infringing Domains under its respective control within five (5) business days of receipt of this Order, the top-level domain registry for the Infringing Domain or its administrators shall, within five (5) business days following such inaction by the registrar, unlock, if necessary, and change the registrar of record for the Infringing Domain to the holding account with the New Registrar. The New Registrar, within five (5) business days of receipt of this Order or prior to expiration of this Order, whichever date shall occur first, shall then take any steps necessary to transfer the Infringing Domains to a registrar account of Plaintiffs' selection so that the Infringing Domains can be redirected or disabled.

7. Within thirty (30) days following entry of this Order and pursuant to 17 U.S.C. § 503, Defendant shall permanently delete and destroy all electronic copies of any of Plaintiffs' Copyrighted Works, or derivative works thereof, that Defendant has in his possession, custody, or control, and all devices by means of which such copies have been created. Defendant shall then certify to this Court in a declaration that he has complied with this paragraph.

8. Within ten (10) business days following entry of this Order, Defendant shall give notice of it to each of his officers, agents, servants, employees, and attorneys and all those in active concert or participation with him, including, but not limited to, Able Sun Holdings Ltd., Hotger Ltd., Natalia Kyriakidou, Pavel Vasin, Daria Jones, and Alexandra Dimakos.

9. Pursuant to 17 U.S.C. §§ 504(c) and 1203(c)(3)(A), Plaintiffs' request for statutory damages under the Copyright Act is granted, and Plaintiffs are awarded statutory damages as follows:

| | |
|---|---|
| **Damages Pursuant to 17 U.S.C. § 504(c)** | 1,618 works infringed x $50,000 per work, for a total of $80,900,000 |
| **Damages Pursuant to 17 U.S.C. § 1203(c)(3)(A)** | 1,618 acts of circumvention x $1,250 per act, for a total of $2,022,500 |
| **Total Damages** | $82,922,500 |

10. Plaintiffs shall recover costs and attorneys' fees under 17 U.S.C. §§ 505 and 1203, in accordance with a statement of fees and costs that Plaintiffs may submit within thirty (30) business days following entry of this Order.

11. The stay to enforce a judgment imposed by Federal Rule of Civil Procedure 62(a) is hereby dissolved and Plaintiffs may immediately enforce the judgment set forth herein.

12. Nothing in this Order shall limit the right of Plaintiffs to recover damages under 17 U.S.C. §§ 504 and 1203 or for any and all infringements or unlawful acts by Defendant occurring after the date of entry of this Permanent Injunction

13. Violation of this Order shall subject Defendant to all applicable penalties, including for contempt of Court.

14. This Court shall retain jurisdiction over the parties and the subject matter of this litigation for the purpose of interpretation and enforcement of this Order.

15. FINAL JUDGMENT is hereby entered in favor of Plaintiffs against Defendant Tofig Kurbanov in the total amount of $82,922,500, as described above, plus post-judgment interest calculated at the rate set forth in 28 U.S.C. § 1961.

It is so ORDERED this _____ day of _____, 2021.

_____
Claude M. Hilton
United States District Judge