UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| UMG RECORDINGS, INC., *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>KURBANOV, *et al.*,<br><br>*Defendants*. | Case No. 1:18-cv-00957-CMH-TCB |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S DECEMBER 16, 2021 REPORT AND RECOMMENDATION AS TO DAMAGES AND PERMANENT INJUNCTIVE RELIEF**

In his objections to the Magistrate Judge's Report and Recommendation on remedies, Defendant raises the same arguments that he made in opposing Plaintiffs' motion for remedies. In a carefully reasoned decision based on well-settled law and the evidence in the record, Magistrate Judge Buchanan soundly rejected those arguments. Defendant's arguments fare no better the second time around. For all the reasons set forth in the Magistrate Judge's Report and Recommendation, and as discussed below, Defendant's objections should be rejected.

**INTRODUCTION**

Defendant Tofig Kurbanov ("Defendant") engages in and facilitates massive copyright infringement through a pair of illegal websites that he owns and operates, located at www.flvto.biz and www.2conv.com (collectively, the "Websites"). The Websites are tools to convert authorized streams of music videos on third-party streaming sites, including YouTube, into unauthorized permanent downloadable audio files. This type of online music piracy, called "stream-ripping," causes substantial and irreparable harm to Plaintiffs, who own or control the

1

copyright to many of the sound recordings pirated on Defendant's Websites. As already determined, and as the record establishes, Defendant's conduct amounts to copyright infringement in violation of the Copyright Act, 17 U.S.C. § 106, and unlawful circumvention of a technological measure in violation of the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1201.

Using Plaintiffs' copyrighted music as a lure, Defendant has caused and profited from piracy on a tremendous scale. As the Fourth Circuit observed, Defendant's Websites are "two of the most popular stream-ripping websites in the world and are among the most popular websites of any kind on the Internet." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 349 (4th Cir. 2020). In 2018 alone, the Websites had almost 32 million United States users, who collectively conducted over 96 million stream-ripping sessions. Defendant has achieved this success by touting the free availability of Plaintiffs' sound recordings on his Websites. At times, the Websites prominently displayed a list of the "Top 100 most converted and downloaded MP3s" or videos that were "Most Watched Today," virtually all of which showcased Plaintiffs' popular recordings. The Websites also included step-by-step tutorials, featuring well-known recordings owned by Plaintiffs, that showed users how to download "music for free."

Defendant not only violated the Copyright Act and Section 1201 of the DMCA, but he willfully disobeyed this Court's orders. Attempting to hide the full scope of his unlawful conduct, as well as his ill-gotten gains, Defendant refused to comply with the Court's orders to produce web server data and a variety of financial information. Defendant's repeated noncompliance with this Court's orders ultimately led to entry of default judgment sanctions against him under Federal Rule of Civil Procedure 37.

With liability already determined, Defendant now objects to the Magistrate Judge's recommendation concerning the relief this Court should award.

## FACTUAL BACKGROUND

Plaintiffs' Memorandum in Support of Their Request for Damages, a Permanent Injunction, and Attorneys' Fees and Costs (the "Memorandum") laid out in detail the facts relevant to Plaintiffs' request for remedies. ECF 131. Magistrate Judge Buchanan's Report and Recommendation on Plaintiffs' request for remedies ("R&R") further discussed the relevant facts. ECF 139. Instead of repeating the facts in full, Plaintiffs respectfully incorporate the Memorandum, pleadings, and R&R herein by reference and address key facts below.

## PROCEDURAL BACKGROUND

In August 2021, Plaintiffs filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 37 based on Defendant's willful disobedience of two Court orders and his refusal to appear for his deposition. ECF 119; ECF 120. The Magistrate Judge granted Plaintiffs' motion for default judgment, ECF 125, and ordered the parties to submit briefing on remedies, ECF 127. The Magistrate Judge's Report and Recommendation found that "Defendant acted in bad faith in failing to comply with the Court's two orders requiring him to respond to Plaintiffs' discovery requests fully and completely and by refusing to attend his scheduled deposition" and that Defendant's misconduct "substantially prejudice[d] Plaintiffs' ability to litigate this case." ECF 128 at 4. The Magistrate Judge also found that "there is a clear need to deter Defendant's behavior in this case." *Id.* at 5. The Court adopted the Magistrate Judge's Report and Recommendation on liability, granted Plaintiffs' motion for default judgment, and ordered the entry of default judgment in favor of Plaintiffs. ECF 129.

On October 5, 2021, Plaintiffs filed a memorandum in support of their request for damages, permanent injunctive relief, and attorneys' fees and costs. ECF 131. Defendant filed his opposition to Plaintiffs' request on October 19, 2021. ECF 136. On December 16, 2021, Magistrate Judge Buchanan issued her R&R recommending that this Court grant Plaintiffs' request for damages and other relief. ECF 139. With liability already determined by the grant of default judgment, Magistrate Judge Buchanan evaluated Plaintiffs' Complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) and concluded once again that Plaintiffs properly stated claims against Defendant for direct copyright infringement and contributory copyright infringement under the Copyright Act, and for circumvention of technological measures under the DMCA. R&R at 12–16. Magistrate Judge Buchanan next conducted an independent determination of the relief to be granted, concluding that the Court should (1) award Plaintiffs statutory damages for Defendant's Copyright Act and DMCA violations in the amount of $82,922,500 (R&R at 16–21); (2) enter a permanent injunction against Defendant's further Copyright Act and DMCA violations (R&R at 21–23); and (3) award reasonable attorneys' fees and costs to Plaintiffs (R&R at 23–24).

On December 30, 2021, Defendant filed his Objections to the Magistrate Judge's R&R, ECF 140 ("Obj." or the "Objections"), objecting to four aspects of Magistrate Judge Buchanan's recommendations.

## **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72(b), the district court reviews *de novo* a magistrate judge's decision on dispositive matters to which a party has specifically objected. Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate

4

judge with instructions." Fed. R. Civ. P. 72(b)(3). Because the Rule 72 process is "designed to allow the district court to 'focus on specific issues, not the report as a whole,'" objections must be "specific and particularized." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015) (quoting *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007)). A mere restatement of the arguments raised in the relevant filings "does not constitute an 'objection' for purposes of district court review." *Id.* (citing *Abou-Hussein v. Mabus*, 2010 WL 4340935, at *1 (D.S.C. Oct. 28, 2010), *aff'd* 414 F. App'x 518 (4th Cir. 2011)).

## ARGUMENT

### I. Magistrate Judge Buchanan Correctly Held That Plaintiffs Are Entitled to Statutory Damages.

Defendant argues that Plaintiffs have failed to establish that anyone used his Websites to infringe any of the 1,618 works in suit, or to circumvent any technological measures. Obj. at 2–8. This argument fundamentally mischaracterizes the procedural posture of this case, the law, and does not withstand even the slightest scrutiny.

In the default judgment context, all well-pleaded factual allegations in the Complaint are deemed admitted. *See McDonald v. Robinson*, No. 1:18-cv-697 (LMB/TCB), 2020 WL 10456846, at *11 (E.D. Va. Sept. 4, 2020) (citing *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014)); *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003). The law does not require a party to provide evidence to "prove" or "show" that a defaulting party is liable for the claims asserted in the case. *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 1999 WL 598860, at *1 (4th Cir. Aug. 10, 1999) (per curiam) (affirming district court's award of damages after finding the pleadings supported entry of default judgment).

5

Before entering default judgment, a court must review the facts as alleged in the Complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim upon which relief can be granted. *See Globalsantafe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). A complaint meets the requirements of Rule 12(b)(6) if the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Magistrate Judge Buchanan followed the letter of the law in conducting such an inquiry into Plaintiffs' allegations. She reviewed the applicable law and the facts alleged in the Complaint and ultimately concluded that Plaintiffs' allegations sufficiently stated claims for direct infringement, contributory infringement, and circumvention of technological measures. R&R 6–16. In particular (and contrary to Defendant's objections), the allegations indisputably establish that people used Defendant's Websites to infringe Plaintiffs' copyrighted works and to circumvent technological measures. Those allegations included that Defendant: reproduced and distributed Plaintiffs' copyrighted works, including but not limited to the 1,618 works listed in Amended Exhibit A (R&R at 13); had actual knowledge of and materially contributed to the infringement of those works (R&R at 13–14); induced others to infringe those works (R&R at 14); and circumvented technological measures to gain access to those works (R&R at 14–16). *See also* ECF 1, ¶¶ 49, 54, 62, 70, 79–80, 89-91; ECF 79-1. In short, based on the admitted allegations, it is already established that Defendant engaged in unlawful infringement and circumvention with respect to the 1,618 works in suit.

To the extent Defendant suggests there is doubt that the unlawful conduct occurred in the United States, *see* Obj. at 5–6, Plaintiffs' allegations put that concern to rest, too. *See, e.g.*,

6

ECF 1 ¶ 54 ("Defendants, without authorization or consent from Plaintiffs, reproduce and distribute into the United States unauthorized reproductions of Plaintiffs' copyrighted sound recordings, including but not limited to those copyrighted sound recordings listed in Exhibit A hereto."); *id.* ¶ 11 (alleging that Defendant has committed copyright infringement in Virginia); *id.* ¶ 12 (alleging that Defendant distributed unlawful copies of sound recordings to users in the United States). Similarly, the Fourth Circuit concluded that Defendant "actively facilitated the alleged music piracy through a complex web involving Virginia visitors, advertising brokers, advertisers, and location-based advertising" and "directly profited from a substantial audience of Virginia visitors." *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344, 355 (4th Cir. 2020).

Indeed, Magistrate Judge Buchanan considered and squarely rejected Defendant's argument that Plaintiffs "failed to provide evidence" of actual infringement and circumvention:

> [Defendant] argues that Plaintiffs are not entitled to any relief because they have failed to prove that any United States-based Users have illegally downloaded the copyrighted content. Defendant's arguments mischaracterize the relevant burden of proof in this case. This Court has entered default judgment against Defendant Kurbanov for his willful discovery violations and repeated contentions that he is not subject to the personal jurisdiction of this Court. This entry of default judgment is equivalent to a finding of liability on all counts of Plaintiffs' Complaint, including the violations alleged under the Copyright Act. Furthermore, as discussed above, the Plaintiffs' Complaint sufficiently states claims for violations of the Copyright Act under multiple theories of liability. The Plaintiffs therefore do not have the burden of proving the elements of the alleged Copyright Act violations, and merely need to survive, as they have, a 12(b)(6) evaluation of the Complaint.

R&R at 19. Additionally, as the Magistrate Judge noted, Plaintiffs' expert, Robert W. Schumann, provided a declaration that states in relevant part that "over 300 million U.S. users have accessed Defendant's Websites." ECF 131-3 ¶ 30; R&R at 18.

Defendant also claims that the Magistrate Judge "believ[ed] that a default judgment serves to admit allegations concerning the Plaintiffs' damages." Obj. at 7–8. He likewise asserts that Plaintiffs failed to prove the facts that would entitle them to recover the damages sought. *Id.*

7

at 8.  Defendant misses the mark.  Magistrate Judge Buchanan analyzed the relevant legal frameworks for statutory damages under the Copyright Act and the DMCA and applied the legal standards in each statutory scheme to the facts of this case.  *Id.*  She clearly explained why the facts in the record support an award of statutory damages in the amounts requested by Plaintiffs under the Copyright Act and the DMCA.  *Id.*

The cases that Defendant cites are not to the contrary.  They simply require courts, in the context of default judgment, to make a determination regarding damages that is separate from the determination of liability.  *See, e.g.*, *CFTC v. Tate St. Trading*, 2021 U.S. Dist. LEXIS 215358, at *15 (E.D. Va. June 1, 2021) ("[O]nce liability is established, the Court must independently determine damages."); *Augustin v. Sectek, Inc.*, 2012 WL 13194725, at *5 (E.D. Va. Mar. 1, 2012) ("[T]he Court must make an independent determination of the amount of damages a plaintiff is entitled to recover.").  While courts do not deem admitted all allegations concerning the *amount* of damages, courts do accept as true well-pleaded factual allegations that are *relevant* to the amount of damages.  *E.g.*, *Sonoco Prods. Co. v. Guven*, 2015 WL 127990, at *3 (D.S.C. Jan. 8, 2015).  Thus, in making an "independent determination" of damages in the context of default judgment, courts properly consider well-pleaded allegations along with other evidence in the record relevant to the issue of damages.  *E.g.*, *Tate St. Trading*, 2021 U.S. Dist. LEXIS 215358, at *15 ("[T]he Court need not conduct an evidentiary hearing and may rely, instead, upon affidavits or documents attached to the plaintiff's motion for default judgment.").  This is precisely what Magistrate Judge Buchanan did in this case.  R&R at 12–16.

The evidence in the record amply supports Magistrate Judge Buchanan's recommendation that the Court award statutory damages in the amounts requested.  Plaintiffs' allegations and the evidence in the record "demonstrated . . . that Defendant Kurbanov violated

8

Plaintiffs' 1,618 copyrights." R&R at 17 (citing ECF 1 ¶¶ 56, 64, 72; ECF 131 at 15–16). With respect to Defendant's violations of the Copyright Act, Plaintiffs requested an award of $50,000 per work infringed, for a total of $80,900,000. *Id.* (citing ECF 1 ¶¶ 57, 65, 73; ECF 131 at 22).[1] Magistrate Judge Buchanan specifically considered and discussed a number of factors supporting her determination that this request was appropriate, including: (1) the statutory range for damages awards, including enhanced statutory damages in cases of willful infringement; (2) Plaintiffs' "los[t] profits and streaming revenue because of the enormous internet traffic to and use of the Websites' stream-ripping functions"; (3) Defendant's wrongful profits from this scheme stemming from his selling digital advertising on the Websites; (4) Defendant's "storied history of infringement," including Defendant's continued infringement of Plaintiffs' Copyrighted Works despite infringement notices, cease-and-desist letters, and findings by other courts that the Websites provide illegal stream-ripping functionality; (5) Defendant's knowledge of United States copyright law; and (6) Defendant's "actual and constructive knowledge that he is violating the Plaintiffs' copyrights." R&R at 17–19.

With respect to Defendant's DMCA violations, Plaintiffs requested an award of $1,250 per act of circumvention, for a total of $2,022,500. ECF 131 at 22. Magistrate Judge Buchanan

---

[1] Section 504(c) of the Copyright Act provides that a copyright owner may elect to recover an award of statutory damages in an amount ranging between $750 and $30,000 for each work infringed. 17 U.S.C. § 504(c)(1). In cases involving willful infringement, the Court may award up to $150,000 per work infringed. *Id.* § 504(c)(2). Here, an award of $50,000 per work infringed is justified considering Defendant's willful infringement of Plaintiffs' copyrighted works and his active encouragement of others to infringe those works; the substantial harm to Plaintiffs; Defendant's disobedience of the Court's orders, including his refusal to comply with orders to produce data essential to revealing the full scope of his stream-ripping scheme and his profits from it; the fact that the purpose of Defendant's Websites is to facilitate and profit from piracy; the need for deterrence; and Defendant's continued operation of the Websites despite numerous court decisions around the world that his Websites are illegal. *See* ECF 131 at 15–18.
  Under Section 1203(c)(3) of the DMCA, a party may elect to recover an award of statutory damages in an amount between $200 and $2,500 per act of circumvention. 17 U.S.C. § 1203(c)(3)(A). An award of $1,250 per act of circumvention is reasonable here, where Defendant's conduct has been willful and egregious, Defendant designs and operates his Websites specifically to bypass YouTube's protective technological measures that prevent unauthorized access and downloads, the scope of Defendant's circumvention is massive, and Defendant has unlawfully profited from his scheme. *See* ECF 131 at 19–21.

9

determined that this request was appropriate, considering (1) the statutory range for damages awards; (2) Defendant's willfulness in circumventing YouTube's technological measures protecting copyrighted works; and (3) the large scale of Defendant's circumvention. R&R at 20–21. No more is required.

### II. Magistrate Judge Buchanan Did Not Err in Recommending Statutory Damages in an Amount Greater Than the Minimum.

Defendant contends that the Magistrate Judge erred in awarding more than the bare minimum of statutory damages. Obj. at 8–12. There is no valid basis for this objection. The evidence in the record fully supports Magistrate Judge Buchanan's award of statutory damages. Defendant is an international scofflaw who facilitated and profited from massive infringement, flouted this Court's authority, and continued his illegal activity for years during this case. In support of their request for statutory damages, Plaintiffs submitted fact witness declarations, an expert declaration, and documentary evidence from the record. By contrast, Defendant failed to offer any declarations or record evidence to rebut Plaintiffs' request or to support a lower award.

First, Defendant contends that "it is important to remember that the infringement at issue in this case is not direct, but rather contributory." Obj. at 9. That is a patently false statement. Plaintiffs' Complaint asserted claims not only for contributory copyright infringement, but also for direct copyright infringement, among other claims. *See* ECF 1 ¶¶ 53–96; ECF 129. With respect to direct infringement, the Complaint specifically alleged that Defendant made unauthorized copies of Plaintiffs' copyrighted sound recordings on his servers and distributed those copies to users of Defendant's Websites. ECF 1 ¶ 47. In awarding statutory damages, the Magistrate Judge conducted a thorough review of the record and concluded that "Plaintiffs have sufficiently pled a direct infringement claim under the Copyright Act." R&R at 12–14, 19.

10

Defendant simply ignores these facts. Regardless, infringement is infringement. There is no legal basis to award lower damages for contributory infringement.

Second, Defendant seeks a lower damages award because he alleges that he is "not conversant" in U.S. copyright law. Obj. at 9. But this claim is neither credible nor persuasive. Based on the record in this case, Magistrate Judge Buchanan found, "Defendant has knowledge of United States copyright law. . . . His websites include citations to the DMCA, and the Websites have a registered DMCA agent with the U.S. Copyright Office." R&R at 18–19; *see also Kurbanov*, 963 F.3d at 354. Those facts cannot be squared with Defendant's claim that he is unfamiliar with U.S. copyright law. In addition, the undisputed facts in the record show that in 2016 and 2017, the RIAA on behalf of Plaintiffs sent seven copyright infringement notices to Defendant's Websites; and that in May 2018, as the Magistrate Judge found, the RIAA sent a cease-and-desist letter "demanding that Defendant disable this circumvention function." R&R at 21; ECF 131 at 10–11 & Exs. 29, 30. If Defendant was not previously aware that he was violating U.S. law (which he was), this correspondence ensured that he became aware, as did the filing of this lawsuit in August 2018. Yet Defendant continued to engage in his unlawful conduct. Defendant's claims of ignorance of U.S. law are further belied by the fact that he has been represented by U.S. counsel throughout this litigation at the trial court and appellate levels.

Third, while Defendant concedes that he waived the argument that his Websites do not circumvent technological measures in violation of Section 1201 of the DMCA, he contends that the award of statutory damages should be lower because the evidence "suggests" that Defendant may not have known that his Websites circumvented technological measures. Obj. at 11–12. The facts do not support this suggestion. Defendant seems to believe that his use of the youtube-dl software to circumvent YouTube's technological protections is somehow relevant to

11

the amount of statutory damages for his circumvention liability. *See* Obj. at 9. But Defendant is no less responsible for his violation of Section 1201 simply because he built his illegal Websites by incorporating some software developed by others instead of building the Websites from scratch.

Defendant also contends that "many experts" believe that the youtube-dl software does not circumvent technological measures. Obj. at 9–11. This claim is irrelevant given that the Court has already established that Defendant is liable for circumvention. Regardless, the only expert witness in this case is Plaintiffs' expert, Robert W. Schumann, who takes the opposite view. Defendant did not disclose any experts, serve any expert reports during discovery, or provide any expert declarations. Instead, Defendant cites a letter from the Electronic Frontier Foundation ("EFF") that was not written in relation to this case. The EFF letter is no substitute for an expert report. EFF is a partisan advocacy group that regularly sides with infringers but has not submitted a declaration in this case.[2] Nor does the EFF letter speak to Defendant's state of mind or knowledge; he provides no declaration to suggest that he relied on (or was even aware of) EFF's opinions. To the contrary, as Magistrate Judge Buchanan explained, "Defendant installed the youtube-dl software to the [Websites] *for the purpose of* circumventing YouTube's technological and rolling cipher protections" and "with the knowledge that YouTube videos are protected." R&R at 20 (emphasis added). In determining the amount of statutory damages, it was entirely appropriate for Magistrate Judge Buchanan to consider Defendant's use of this software to facilitate infringement of Plaintiffs' copyrighted works and to award damages of

---

[2] EFF publicly acknowledges that "[i]t's no secret that EFF doesn't like Section 1201" of the DMCA. "GitHub Reinstates youtube-dl After RIAA's Abuse of the DMCA" (Nov. 17, 2020), https://www.eff.org/deeplinks/2020/11/github-reinstates-youtube-dl-after-riaas-abuse-dmca (last accessed Jan. 20, 2022).

12

$1,250 per act of circumvention, which is in the middle of the statutory range. *See Tate St. Trading*, 2021 U.S. Dist. LEXIS 215358, at *15.

Finally, Defendant's claim that the statutory damages award should be lower because Plaintiffs "make all of the relevant works readily available at no cost to anyone with an internet connection" is misleading and incorrect. Obj. at 9. Plaintiffs authorize online streaming services, such as YouTube, to stream their copyrighted works pursuant to licensing agreements by which Google (which owns YouTube) makes payments to Plaintiffs and commits to protecting their copyrighted sound recordings from unauthorized access and copying. ECF 131 at 3–4; *see also* R&R at 16 (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 508 (E.D. Va. 2009)) (noting that in determining the amount of damages, "courts consider 'expenses saved by the defendant in avoiding a licensing agreement'"). Plaintiffs of course have not licensed Defendant to turn authorized *streams* of their copyrighted works into unauthorized permanent *downloads*. Yet that is precisely what Defendant has done. By using Defendant's illicit service, the Websites' users have no need to pay for downloaded copies of the sound recordings or to subscribe to streaming services and compensate the record companies for the exercise of their exclusive rights. Defendant reaps ill-gotten profits by facilitating this unlawful reproduction of the record companies' copyrighted sound recordings. R&R at 18.

### III. Magistrate Judge Buchanan Did Not Recommend an Award of "Duplicative" Damages.

Defendant's argument that the Magistrate Judge erroneously awarded "duplicative damages" is wrong as a matter of law. Obj. at 12–14. First, Defendant's objection that Plaintiffs "failed to show that any circumvention took place or that it took place within the United States" fails for the same reasons as described above. Magistrate Judge Buchanan analyzed the allegations in Plaintiffs' Complaint concerning circumvention and found that they satisfied the

requirements of Rule 12(b)(6).  Plaintiffs need not do more, and the Court's entry of default judgment against Defendant "is equivalent to a finding of liability."  *See* R&R at 19.

Second, this case does not involve "duplicative damages."  It is well-settled that Plaintiffs may recover both statutory damages for copyright infringement under the Copyright Act and statutory damages for circumvention of technological measures under the DMCA because the different statutes seek to address distinct acts and interests.  *See, e.g.*, *Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, 2012 WL 3306600, at *4–5 (E.D.N.Y. June 13, 2012) (distinguishing between the "very distinct behaviors" of circumvention of digital walls guarding copyrighted material and the subsequent use of those materials after circumvention has occurred); *Goulet v. Oculus Architecture Ltd.*, 2019 WL 7841926, at *4–6 (C.D. Cal. Sept. 5, 2019) (awarding statutory damages for copyright infringement and circumvention); *Sweepmasters Professional Chimney Servs., LLC v. Vanessa Servs.*, 2017 WL 3927626, at *6 (E.D. Va. July 5, 2017) (Buchanan, M.J.) (recommending statutory damages awards for both copyright infringement and unauthorized removal and alteration of copyright management information in violation of DMCA § 1202), *report and recommendation adopted*, 2017 WL 3927602 (E.D. Va. Sept. 7, 2017).  Magistrate Judge Buchanan correctly recognized that damages for copyright infringement and circumvention are not duplicative.  *See* R&R at 20, n.7.

Courts have rejected Defendant's argument that damages awards under both the Copyright Act and the DMCA result in double recovery for a single injury: "'Because the Copyright Act and the DMCA protect different interests'—that is, they create separate tort causes of action designed to remedy different harms—the awards here compensate distinct injuries."  *GC2 Inc. v. Int'l Game Tech.*, 391 F. Supp. 3d 828, 851 (N.D. Ill. 2019) (quoting *Agence France Presse v. Morel*, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014)); *see also*

14

*Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 443 (2d Cir. 2001) ("[T]he DMCA targets the *circumvention* of digital walls guarding copyrighted material (and trafficking in circumvention tools), but does not concern itself with the *use* of those materials after circumvention has occurred." (emphasis in original)).

Lacking any response to these numerous cases, Defendant simply ignores them and instead cites *Cengage Learning* and *Echostar Satellite*, neither of which involved separate claims for infringement under the Copyright Act and circumvention under the DMCA. *See Cengage Learning, Inc. v. Shi*, 2017 WL 1063463 (S.D.N.Y. Mar. 21, 2017) (claims under Copyright Act and Lanham Act); *Echostar Satellite LLC v. Rollins*, 2008 WL 314145 (S.D. W. Va. Feb. 4, 2008) (claims under DMCA, Federal Communications Act, Electronic Communications Act, and Lanham Act). These cases, which involved unauthorized activity that resulted in both copyright and trademark infringement, and not the question of assessing damages for infringement and circumvention, are inapposite.

Plaintiffs' unrebutted evidence from their expert witness, Robert W. Schumann, shows that Defendant's acts of circumventing YouTube's technological protective measures and accessing Plaintiffs' protected content from YouTube's servers are "very distinct" from subsequent acts of unauthorized copying and distribution of Plaintiffs' copyrighted sound recordings. *Point 4 Data Corp.*, 2012 WL 3306600, at *4–5. Defendant failed to provide any evidence from a fact or expert witness that challenged or rebutted Mr. Schumann's conclusion.

**IV.   Magistrate Judge Buchanan Did Not Err in Recommending Injunctive Relief.**

Plaintiffs sought injunctive relief under the Copyright Act and the DMCA to ensure that Defendant and his Websites will not cause additional harm to Plaintiffs. *See* 17 U.S.C. §§ 502(a); 1203(b)(1). Magistrate Judge Buchanan analyzed each of the factors relevant to the

issuance of a permanent injunction and determined that permanent injunctive relief is appropriate in this case because all of the elements are satisfied. R&R at 22–23.

Defendant raises two objections to the recommended injunctive relief, both of which should be rejected. First, Defendant objects in general terms that the permanent injunction recommended by Magistrate Judge Buchanan is an impermissible "global order not limited to the boundaries of the United States." Obj. at 15. But Defendant fails to point to any specific language in the recommended injunction that is objectionable. Nor could he. Magistrate Judge Buchanan recommended that Defendant be enjoined from further violations of the U.S. Copyright Act and the DMCA, and there is nothing in the injunction suggesting that it would apply to activity that is purely extraterritorial. *See* R&R at 25.[3]

Second, Defendant contends that the need for any injunctive relief is "questionable" because Defendant has recently blocked access to the Websites from the United States. Obj. at 14. As Plaintiffs noted previously, beginning sometime around July 2021, Defendant appears to have at least temporarily applied a "geo-blocker" that is aimed at preventing access to the Websites from users located in the United States. ECF 131-5 ¶ 8; ECF 131-41; ECF 131-42. But the law is clear that Defendant's eleventh-hour geo-blocking effort does not vitiate the need for injunctive relief. *See, e.g.*, *Humanscale Corp. v. CompX Int'l, Inc.*, 2010 WL 1779963, at *4

---

[3] Though not necessary, Plaintiffs do not object if the injunction language is revised as follows (with additions to Judge Buchanan's proposed injunction shown in underlined text):

> (3) issuing a permanent injunction
>
>> (i) preventing Defendant from directly or indirectly infringing <u>(in violation of the U.S. Copyright Act)</u> in any manner any and all of Plaintiffs' Copyrighted Works;
>>
>> (ii) preventing Defendant from directly or indirectly circumventing <u>(in violation of the Digital Millennium Copyright Act)</u> any and all technological measures, including, but not limited to, YouTube's "rolling cipher," that effectively control access to or protect a right of any Plaintiff in any and all of Plaintiffs' Copyrighted Works; . . . .

ECF 139 at 25.

(E.D. Va. Apr. 29, 2010) (recognizing the "long-rejected notion that voluntary cessation of infringing activity prevents injunctive relief"); *W.L. Gore & Assocs., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1281–82 (Fed. Cir. 1988) ("The fact that the defendant has stopped infringing is generally not a reason for denying an injunction against future infringement unless the evidence is very persuasive that further infringement will not take place."), *abrogated on other grounds*, *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391–94 (2006)).  An injunction is necessary because Defendant could flip a switch tomorrow and re-enable access to the Websites by users in the United States.

## **CONCLUSION**

For the reasons discussed above, Plaintiffs respectfully request that the Court reject Defendant's objections and adopt the Magistrate Judge's Report and Recommendation, including all of the recommended relief.

Respectfully submitted,

Dated January 20, 2022

*/s/ Scott A. Zebrak*
Scott A. Zebrak (VSB No. 38729)
Matthew J. Oppenheim (*pro hac vice*)
Kellyn M. Goler (*pro hac vice*)
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue NW, 5th Floor
Washington, DC 20015
Tel: (202) 480-2999
Fax: (866) 766-1678
scott@oandzlaw.com
matt@oandzlaw.com
kellyn@oandzlaw.com

*Attorneys for Plaintiffs*